A. N. Hamilton v. Adam Spiers.

IN THE MATTER OF THE APPLICATION OF A. N. HAMILTON, FOR A WRIT OF CERTIORARI, RESPONDENT. *v.* ADAM SPIERS, APPELLANT.

1. JUSTICE COURT SUMMONS, WHEN QUASHED.— In an action commenced by an officer in his official character, the summons must affirmatively disclose the official capacity in which such officer claims to act, otherwise it will on motion be quashed.

2. COSTS IN CERTIORARI.—Where a writ of certiorari is directed to a Justice of the Peace, who is the only party to the proceedings in the District Court, it is error upon setting aside the judgment of the inferior tribunal to enter judgment for costs against such Justice.

Appeal from the Third Judicial District Court.
The facts are stated in the opinion of the court.

*Snow & Snow*, for appellant.
The office of road supervisor is a quasi corporation with power to sue. Angell & Ames on Cor. p. 20, § 23; *School Dist* v. *Wood*, 13 Mass. 192; *Todd* v. *Birdsall*, 1 Cowan, 260; *Jansen* v. *Ostrander*, 1 Cowan, 670.

The complaint filed against Hamilton being only a statement of an account, may be defective, though the debt being there we do not see why the account should not be filed on that, as in any other cases between party and party. C. L. §§ 1737, 1753-8-9.

Had the objection been to the sufficiency of the complaint an amendment ought and probably would have been ordered. But justice courts should not be held to the strictest rules of proceedings.

But in any view, all the rulings made by the justice, and his judgments, were an "exercise of jurisdiction," not jurisdictional questions. We do not see where he had transcended his jurisdiction in a single particular. He was competent to

A. N. Hamilton v. Adam Spiers.

decide on all the questions raised before him, and his decision is binding. The fact that no appeal lay (the amount being under twenty dollars,) and that there was no opportunity to correct any irregularities, is the fault of the law; the court cannot correct it. They correct on certiorari only jurisdictional questions. *Ex parte* Watkins, 3 Pet. (S. C.) 202–5; *Ex parte* Parks, 63 S. C. R. (3 Otto,) 18; *Holcomb* v. *Cornish*, 8 Conn. 380; *Kemp's Lessee* v. *Kennedy*, 5 Cranch. 173; *Clark* v. *McCommon*, 7 W. S. (Pa.) 470–1; 1 Smith's Lead. Cases, 5th Ed. 846; *McPherson* v, *Conliff*, 11 S. & R. (Pa.) 422.

Costs should not have been taxed against the justice. Notice should have been given to the road supervisor of the issuance of the writ, and if costs were taxed they should have been taxed against him. Pr. Act, § 435.

*Hemingray & Huey*, for respondent.

If the summons was so defective in naming or describing plaintiff, then the motion to quash should have been sustained. There must be parties to every action, and they must be proper parties. It does not appear that John Wayman, as "road supervisor," had any authority to sue. Chap. 1, Title 7 of " an Act providing for a poll tax for road purposes," specifies in § 1, that the county courts shall, within a certain time, district their respective counties, and shall annually appoint a supervisor for each district, prescribing his term of office, etc., and in a subsequent section authorizes such supervisors, as such, to sue and collect any delinquent taxes. Wayman sued as "road supervisor," and in the summons such only was the description given. It did not appear in the summons that he was a road supervisor of district No. 2, or of any other district; nor does it appear that he was a road supervisor of the precinct over which Spiers had jurisdiction, or even that he was a road supervisor of Salt Lake or any other county of Utah Territory. C. L. (363, 368,) §§ 1, 6.

Where a party sues or is sued in a representative character, the character should be stated after his name in the summons.

A. N. Hamilton v. Adam Spiers.

1 Arch. Pl. 81; *Blanchard* v. *Strait*, 8 How. Pr. 84; *Willard* v. *Misani*, 1 Cow. 37.

Nothing will be presumed in favor of the jurisdiction of a justice of the peace; all authority under which he has presumed to act must affirmatively appear. *In re* Wiseman, Utah Rep. 41; *Lowe* v. *Alexander*, 15 Cal. 296.

The question as to who are and who are not proper parties was, in this case, essentially a jurisdictional question, and not a mere "exercise of jurisdiction." The justice could not render judgment in favor of a party not *in esse*, especially when that fact had been properly presented to him. See generally on the above points: Gould's Pl. p. 41, § 34; *Blanchard* v. *Strait*, 8 How. Pr. 84; 1 Arch. Pl. 81; *Deidesheimer* v. *Brown*, 8 Cal. 339, 340; *Steinbach* v. *Lessee*, 27 Cal. 298, 299; *Curtis* v. *McCullough*, 3 Nev. 210, 211.

Costs were properly taxed against the justice, as well as against Wayman. C. E. (1708,) § 483; *Brown* v. *Allen*, 54 Me. 436; *Osgood* v. *Thurston*, 23 Pick. 110; *Jordan* v. *Dennis*, 7 Metc. 591; *Hunt* v. *Hanover*, 8 Metc. 343; *Cumberland, etc., Co.* v. *Hoffman*, 39 Barb. (N. Y.) 16.

SCHAEFFER, C. J., delivered the opinion of the court:

A writ of certiorari was issued out of the Third District Court on the 12th day of September, 1877, on the petition of respondent, and was duly served on the appellant as justice of the peace; but it was not served on John Wayman, the plaintiff, in whose favor the judgment complained of was had.

In obedience to the said writ, the said justice, on the 17th day of September, 1877, appeared in the said district court, and there filed a certified copy of the record and proceedings in the justice court in the cause in controversy. The complaint was simply an account as follows, to-wit:

SALT LAKE COUNTY, — July, 1877.

A. N. HAMILTON, DR.:

To John Wayman, Road Supervisor for District No. 2, Salt

A. N. Hamilton v. Adam Spiers.

Lake County, in the sum of three dollars ($3.00) for road poll tax for the current year.

On the summons the cause was entitled as follows, to-wit: *John Wayman*, Road Supervisor, plaintiff v. *A. N. Hamilton*, defendant.

The summons commanded the defendant to appear and answer the complaint of the above named plaintiff, etc.

In the justice's court a motion was made to quash the summons by the defendant's attorney, for the reasons that it did not appear in what capacity the plaintiff sued, and that the summons did not properly identify the plaintiff as the road supervisor of any road district.

The motion to quash the summons was overruled, and a judgment was rendered in favor of the plaintiff and against the defendant for three dollars and costs, and the costs were taxed at seven dollars, making the aggregate of the judgment ten dollars.

On the hearing on the certiorari the district court reversed and annulled the said judgment, and ordered the said suit to be dismissed, and the costs thereof were taxed against the defendant in the writ of certiorari.

From this judgment this appeal is taken; and, although no errors appear to be formally assigned, yet from appellant's brief and argument, we learn that he relies upon two alleged errors, to-wit:

*First*—The judgment is wrong because it appears that the justice had jurisdiction, and the writ of certiorari lies only when the inferior court exceeds its jurisdiction.

*Second*—The judgment is wrong in taxing costs against the justice of the peace.

Certiorari is a judicial writ issued by a superior to an inferior court, commanding the latter to certify and return to the former the record and proceedings in some cause already terminated, in cases where the procedure is not according to law. The only office which the writ of certiorari performs, is to cause the record of the proceeding to be certified from an

A. N. Hamilton v. Adam Spiers.

inferior to a superior tribunal. Nothing outside of the record should be certified.

Upon the return of the writ, unless otherwise provided by statute (which is not the case here), the cause is tried solely upon the record. No trial can be had upon any issue of fact outside the record.

The writ is obeyed by certifying and returning the record of the proceedings of the inferior tribunal, or the entries made by it in the nature of a record. When there is, technically, no record, the written proceedings and orders, or a history of the proceedings and the written orders which are in the nature of records, are to be certified. (2 Hill. 9; Green's Pr. 497; 25 Wend. 168.) When the return is sufficient, the court will determine upon the record alone, unless a trial *de novo* is provided for by statute, whether the inferior tribunal had jurisdiction of the parties and of the subject matter, and whether it had exceeded its jurisdiction, or otherwise proceeded in violation of law. In cases where the inferior tribunal has exceeded its jurisdiction, and in cases where it had proceeded illegally, and there is no appeal or other mode of directly reviewing its proceedings, its proceedings may be reviewed on certiorari. 22 Ill. 108.

In this case there is nothing in the record that shows that John Wayman sued as road supervisor of any road district whatever. The terms "road supervisor," and road supervisor for district 2, etc., are merely descriptive of the person, and do not signify that he sued in his character of supervisor, and of course he could not in his personal character sue for a road tax.

This may be regarded as a technical error, and it may be insisted that it should not vitiate the proceedings before a justice of the peace; but it is a vital error, going to the very cause of action, and when it was brought to the notice of the courts by motion to quash the summons, it should have been regarded. The judgment of the district court, in so far as it vacates and annuls the judgment of the justice's court, should be affirmed.

But Wayman was not a party to the writ of certiorari; neither did he appear in the district court by service of process or otherwise, and as the justice was a party only to certify and return the record of the case, and was not interested in the merits of the cause of action, we think the judgment for costs against him is error, and should be reversed *pro tanto*.

EMERSON and BOREMAN, J. J., concurred.