HENRY GRIFFITHS, Appellant, v. THE JUSTICE'S
COURT OF LOGAN CITY, UTAH, and H. A.
PEDERSEN, Justice thereof, Respondents.

No. 1985.   Decided April 5, 1909 (100 Pac. 1064).

1. JUSTICES OF THE PEACE—PROCEDURE IN CIVIL CASES—NOTICE OF
   TRIAL. Rev. St. 1898, section 3684, provides that, after appearance of the parties or default, the justice must fix a day for
   trial, and notify the plaintiff and the defendants who have appeared thereof.   Section 3330 provides generally that "notices
   must be in writing and . . . may be served upon the party
   or attorney as prescribed in this chapter, when not otherwise
   provided by this Code," and that service may be personal or
   by mail.   Section 3757 requires the justice to keep a docket and
   enumerates the things which must be entered therein, but does
   not specify an entry or record of the setting of the case for
   trial nor of the service or return of notice to the parties or
   their attorneys of the setting.   *Held*, that a justice, after defendant had filed an answer, could not proceed to trial until he
   had first set the case for trial, and notified the parties or their
   attorneys in writing of the time and place.   (Page 448.)

2. JUSTICES OF THE PEACE—REVIEW—CERTIORARI.   Under Comp.
   Laws 1907, section 3630, providing that district courts shall
   issue writs of *certiorari* to justices' courts, and shall determine
   whether such court had jurisdiction of the cause of action or
   the person of defendant, and regularly pursued its authority
   as prescribed by law, the question whether the justice proceeded
   to trial without first fixing a day and notifying the parties
   thereof in accordance with the provisions of Rev. St. 1898, section 3684, may be inquired into by *certiorari*.   (Page 451.)

3. JUSTICES OF THE PEACE—PROCEEDINGS TO PROCURE WRIT—AFFIDAVIT.   In *certiorari* to review the action of a justice for failure
   to fix a date for the trial and notify the parties thereof, the
   affidavit for the writ should aver that the justice proceeded to
   trial without fixing the day of trial, and notifying the parties
   thereof.   (Page 451.)

4. JUSTICES OF THE PEACE—REVIEW—CERTIORARI—RETURN AND RECORD.   Upon the service of a writ of *certiorari* to a justice, the
   return should be responsive to the writ and fully answer the allegations of the affidavit as to all essentials of jurisdiction, and
   the record itself, as returned by the justice, imports verity, and
   is conclusive as to all matters required to be recorded, and as

to such matters may not be aided or varied by anything *dehors* the record nor by statements in the return, but where jurisdictional facts do not appear of record, and are not required to be made of record, evidence necessary to determine jurisdictional questions involved should be stated in the return and certified to the reviewing court, and the return as to such facts is conclusive when made by the same person or persons before whom the proceedings took place, but, where such facts are set forth in the return made by a person or persons before whom such proceedings did not take place, the return is not conclusive, and evidence *aliunde* the return may be introduced. (Page 452.)

5. JUSTICES OF THE PEACE—REVIEW—CERTIORARI—HEARING. In *certiorari* proceedings to review the action of a justice of the peace for error in failing to fix a day for the trial of an action and notify the parties to the action, it is error to receive evidence outside the record as to such fact, for the action of the justice in this respect should have been specified in the return, and, on failure to so specify, the reviewing court could have required the return to specify the action of the justice, but if the return was made by another justice than the one before whom the trial took place, and the one making the return was unable to respond to the rule, then the court could properly receive evidence. (Page 453.)

6. APPEAL AND ERROR—REVIEW—HARMLESS ERROR—CERTIORARI PROCEEDINGS. Where an affidavit for *certiorari* states that the justice in rendering judgment exceeded his jurisdiction without specifying in what way it exceeded, it was harmless error to receive evidence outside of the return as to whether the justice exceeded his jurisdiction by failing to fix a date for the trial, and notify the parties thereof. (Page 454.)

7. JUSTICES OF THE PEACE—REVIEW—CERTIORARI—PROCEEDINGS TO PROCURE WRIT—AFFIDAVIT. Where the affidavit to procure a writ of *certiorari* to a justice of the peace, merely states that the justice in rendering judgment exceeded his jurisdiction without specifying in what particular he did so, it states a mere conclusion, and the proceedings should be dismissed. (Page 454.)

APPEAL from the First District Court, Cache County.— *Hon. W. W. Maughan,* Judge.

*Certiorari* to review proceedings in the Justice's Court of Logan City. From a judgment affirming the justice's judgment, the plaintiff appealed.

REMANDED WITH DIRECTIONS.

*James C. Walters* for appellant.

*J. Z. Stewart, Jr.,* for respondent.

### APPELLANT'S AUTHORITIES.

The giving of such notice of trial to one who has filed an answer is a jurisdictional fact, and that without the same being given a judgment would be absolutely void, and would be vacated upon a writ of review. (*Jones v. Justice's Court,* 97 Cal. 523; *Los Angeles v. Young,* 50 Pac. 536; *Stewart v. Justice's Court,* 109 Cal. 617; *Elder v. Justice's Court,* 136 Cal. 366; *Armantage v. Superior Court,* 81 Pac. 1033.)

The court erred in permitting the parol testimony of W. N. Thomas, the former justice of the peace, as to the giving of the notice necessary to confer jurisdiction. The office of a *certiorari* is to cause to be certified to a superior court the record and proceedings in some cause already terminated in an inferior court, where the procedure is not according to law. Nothing outside the record can be certified or considered by the superior court, and the cause is tried solely on the record. (6 Cyc. 822, also 789; *Hamilton v. Spiers,* 2 Utah 229.) When the record is sufficient, the court will determine upon the record alone, unless a trial *de novo* is provided by statute, whether the inferior tribunal had jurisdiction of the parties and of the subject-matter, and whether it had exceeded its jurisdiction, or otherwise proceeded in violation of law. No trial can be had on any issue of fact outside of the record. (*Hamilton v. Spiers, supra;* *State v. Watkins,* 22 So. 326; *State v. Kemen,* 61 Wis. 494; *Los Angeles v. Young,* 50 Pac. 534; *Gilbert v. Commissioners,* 11 Utah 378; *In re Dance,* 2 N. D. 184.)

### RESPONDENT'S AUTHORITIES.

Evidence dehors the record and contradicting it is not permissible, but can be offered to aid the record as fully appears

from the following authorities: 17 Cyc. 577-8-9-580; 24 Encl. Law (2nd. Ed.), p. 193-5; 50 Cen. Dig., col. 2637, sec. 1864; 10 Encl. Ev., 963-4 and 5; *Wheat v. Nan Tine,* 112 N. W. 933; *Weaver v. Stacy,* 75 N. W. 641; *Blair v. Hamilton,* 32 Cal. 50; *Jolly v. Foltz,* 34 Cal. 326; *Jones v. Gunn,* 87 Pac. 579-1; 13 Cen. Dig., col. 2189, sec. 1369; 4 Encl. Pl. Pr., p. 288, also see p. 280-1-2.

STRAUP, C. J.

The appellant in September, 1907, applied to the district court for a writ of *certiorari* to review proceedings had in a justice's court in a case wherein the appellant was the defendant and one George L. Farrell was the plaintiff. It is alleged in the affidavit for the writ that a complaint was filed in the justice's court on the 11th day of February, 1901; that summons was issued and served on the defendant on the 8th and returned and filed on the 9th day of April; that on the 16th day of April the defendant filed an answer in which was pleaded the statute of limitations; and that the case was set for trial on the 30th day of April. It was further alleged that the record of the justice's court shows that on the day set for trial the "defendant did not appear to defend the action herein, and the court, after hearing the evidence on behalf of plaintiff, do find that the defendant is justly due and owing plaintiff in the sum of $74.34 principal, together with $79.25 interest, $25 attorney's fees, and costs of suit taxed at: constable's fees $1.50, justice's fees $2.40—total $182.49, for which amount judgment is hereby rendered and entered." It is further averred that in rendering and entering judgment the justice exceeded his jurisdiction, "and that all proceedings had therein terminating in said judgment were, and are, in excess of the jurisdiction of said justice's court as appears upon the face of the proceedings." Upon this affidavit the district court issued the writ directing the justice to certify to the district court a transcript of the record and proceedings in the action for review. The justice made a return showing the filing of

a complaint, the issuance, service, and return of summons, the filing of an answer by the defendant, and the setting of the case for trial, as in the affidavit set forth; that on the 29th day of April the defendant appeared and made a motion to dismiss the case, which motion was denied; that on the 30th day of April the case came on for trial; that the plaintiff appeared, and, that the defendant failed to appear, and, after hearing the evidence, the court rendered a judgment as set forth in the affidavit. When the case came on for hearing before the district court, the petitioner submitted the case on the return as made by the justice. The justice who tried the case, and before whom the proceedings were had, was then permitted to testify, over the petitioner's objections, that at the time of the setting of the case in the justice's court for trial, and at least ten days prior to the day set for trial, he mailed the defendant a written notice notifying him of the day set for trial. The petitioner was then permitted to testify, over the respondent's objections, that he did not receive notice of the time and place of trial through the mail or otherwise, and that he had no knowledge that any trial had been had of the case, or that a judgment had been rendered, until December, 1906. Upon the evidence so adduced and heard the district court made a finding that the defendant was notified, as testified to by the justice, of the setting of the case for trial in the justice's court, and affirmed the justice's judgment, and declared it valid.

From the judgment so rendered by the district court the petitioner appeals. He contends that, under the statute, the justice was required to give the defendant notice of the time the case was set for trial, and that a trial of the case without giving such notice was without or in excess of the jurisdiction of the justice; that on the face of the record, as returned by the justice, it is not made to appear that the justice gave notice of the setting of the case for trial, and that no presumptions are indulged in favor of the jurisdiction of a justice's court, and that it will be assumed that jurisdiction

was wanting where the record does- not affirmatively show that it had been acquired, and that the justice had regularly pursued his authority as prescribed by law; and that the district court erred in receiving the testimony of the justice, *dehors* the record and the return, that notice by mail had been given the defendant. The statute in force at the time (section 3684, Rev. St. 1898) provides that "when all the parties served with process or some of them have appeared and the remaining defendants have made default, the justice must fix a day for the trial of said cause and notify the plaintiff and the defendants who have appeared, thereof." A general statute (section 3330, Rev. St. 1898) provides that "notices must be in writing, and notices and other papers may be served upon the party or attorney in the manner prescribed in this chapter, when not otherwise provided by this Code." It is further provided that service may be personal or by mail. A statute (section 3757, Rev. St. 1898) requires the justice to keep a docket, and specifically enumerates the things which must be entered therein. No entry or record is required to be made of the setting of the case for trial, nor of the service or return of notice notifying the parties or their attorneys of the setting. Such things are not required by statute to be made of record. In virtue of these statutes, we think it was the duty of the justice, after the defendant had appeared and filed an answer, to set the case for trial and to notify the parties or their attorneys in writing of the time and place of trial, and that the justice was not authorized to proceed to trial without so first fixing a day for trial and notifying the parties. Though the justice was not required by statute to make an entry of such things in the docket, or to otherwise make a record of such proceedings, nevertheless we are of the opinion that, before the justice was authorized to proceed with the trial, he was required to fix a day for the trial and to notify the parties in the manner prescribed by the statute, and that a justice proceeding to trial without so notifying the parties would be acting without jurisdiction, and

would not be regularly pursuing his authority as prescribed by law.

The Supreme Court of California in speaking of their statute (section 850, Deering's Code Civ. Proc), which then was identical with section 3684 of our Code, said:

"Appellant contends that, the justice having acquired jurisdiction, the failure to notify the defendant of the time fixed for trial was mere error which could have been corrected only upon appeal. We do not think the contention a sound one. Justices' courts have peculiar and limited jurisdiction, and the powers conferred upon them by the statute must be strictly pursued. The statute requiring notice of the day fixed for trial to be given is imperative, and it is just and right that it should be strictly enforced, because no man should be deprived of his property without notice and opportunity to be heard. It was the intention of the Legislature to relieve parties to actions in a justice's court from the necessity of making daily inquiry at the justice's office to learn when the case is to be tried." (*Jones v. Justice's Court*, 97 Cal. 523, 32 Pac. 575.)

To the same effect are the cases of *Elder v. Justice's Court,* 136 Cal. 364, 68 Pac. 1022, and *Stewart v. Justice's Court,* 109 Cal. 616, 42 Pac. 158. Though the justice has jurisdiction of subject-matter and has acquired jurisdiction of the person, it nevertheless is apparent that he may take such proceedings in the case or do such things as are wholly without or in excess of his jurisdiction, and that in so acting he may not regularly pursue his authority as prescribed by law, and that such proceedings so had, or things done, may not appear on the face of the record, and may not be required to be made of record. The Supreme Court of California again well says:

"In many cases jurisdictional facts may not appear of record, either by failure of the inferior court or officer to follow the requirements of the law and make them of record or because the law itself does not require it to be done. In such cases this court and all other courts having jurisdiction to review and correct the proceedings of inferior courts would be powerless, unless it can compel the inferior tribunal to certify to this court, not only what

35 Utah—29

is technically denominated the record, but such facts or the evidence of them as may be necessary to determine whatever questions as to the jurisdiction of the inferior tribunal may be involved, and the grossest abuses of power, to the great reproach of the law, might be perpetrated with impunity and without the possibility of a remedy." (*Blair v. Hamilton*, 32 Cal. 50.)

Whether the court erred in receiving the evidence of which complaint is made involves questions in respect of what matters may be considered and reviewed on a hearing, and how they should be made to appear. The appellant contends that the review involves a mere inspection of the record as returned, and that nothing dehors the record can be received or considered. And it is urged that, since the record as returned fails to show that notice was given of the day set for trial, the judgment which the justice rendered ought to be annulled. The case of *Hamilton v. Spiers*, 2 Utah 225, lends support to the contention that the review involves a mere inspection of the record as returned. But a contrary doctrine has been clearly announced in the subsequent cases of *Gilbert v. Board*, 11 Utah 378, 40 Pac. 264, and *Salt Lake City, etc., Co. v. Salt Lake City*, 24 Utah 282, 67 Pac. 791. There it was held that on *certiorari* proceedings the evidence had before the inferior tribunal or board may be looked into even to determine "whether there is any evidence which will warrant, as a matter of law, the judgment, decision, or order which is the subject of complaint." In the prior case it was held that nothing outside the record should be certified and returned, that the case should be tried merely upon the record as returned, and that no trial could be had upon any issue of fact outside the record. In the subsequent cases it was held that the reviewing court may require the entire proceedings, including the evidence, of the inferior tribunal or board, to "be brought up in the return." Holding, as we do, that the prior case was, in effect, overruled by the subsequent cases, and finding that the statute, so far as it relates to writs of *certiorari* directed to justices' courts, has been enlarged since the rendition of all those opinions, we are inclined to the view that the case of *Hamilton v.*

*Spiers, supra,* is no longer of binding effect, and not applicable. The statute now provides that the writ may be granted when an inferior tribunal, board, or officer exercising judicial functions has exceeded jurisdiction, and that "district courts shall issue writs of *certiorari* to the justices' court in the counties within their several jurisdictions in all cases where judgment has been taken in said justices' courts upon an *ex parte* hearing or by default. Said writ shall issue at any time after judgment, and the district court shall, pursuant to said writ, inspect and review the proceedings had in the justice's court, and shall determine whether said justice's court had jurisdiction of the cause of action or the person of the defendant, and had regularly pursued its authority as prescribed by law." (See section 3630, Comp. Laws 1907.) By this statute it would seem that the district court is given the power on *certiorari* proceedings, especially when the writ is directed to a justice's court, to review matters other than the mere technical record. While the writ cannot be made to perform the functions of an appeal or of a writ of review to correct mere errors and to review rulings made within the jurisdiction of the justice, nevertheless, the statute gives the district court the power to review his proceedings to ascertain and determine whether the justice kept within the bounds of his jurisdiction, and whether the justice's court "had regularly pursued its authority as prescribed by law." The statute making it the duty of the justice when the defendant has appeared and answered to fix a day for trial and to notify in writing the parties who have appeared of the day so fixed, the question whether the justice proceeded to trial without so first fixing a day and notifying the parties may be inquired into on *certiorari* proceedings.

The further inquiry then arises: By what means may the reviewing court ascertain the facts or obtain the evidence of such proceedings? In the first place, the affidavit for the writ should aver that the justice proceeded to trial without fixing a day of trial and notifying.

the parties who had appeared or whatever other facts upon
which it is sought to make the claim that the justice had ex-
ceeded jurisdiction, or had not regularly pursued his au-
thority. Upon the service of the writ the return should be
responsive to the command of the writ, and should fully an-
swer the allegations of the affidavit or the petition for the
writ, and should be full and complete with reference to all
essentials of jurisdiction. The record itself, as returned by
the inferior tribunal or board, imports verity, and is deemed
conclusive as to all matters or things which are required to
be recorded and made of record, and may not be aided,
contradicted, or controlled by anything *dehors* the          **4**
record nor by statements in the return. As to all such
matters, the reviewing court on the hearing must confine it-
self to an inspection of the record as returned. (4 Ency.
Pl. & Pr., pp. 218, 224, 277.) But, where jurisdictional
facts or the facts upon which the jurisdiction or the regu-
larity of the authority pursued depends do not appear of
record and are not required to be made of record, such facts
or the evidence of them as may be necessary to determine
whatever questions as to the jurisdiction or the authority of
the inferior tribunal or board may be involved should be
stated in the return and certified to the reviewing court. In
other words, since the main office of the writ is to confine
the actions of inferior tribunals and boards within the limits
of their delegated powers, the evidence touching the facts
upon which the jurisdiction or the authority of the inferior
tribunal or board depends, when a record is not required to
be made of such matters, should be returned to enable the
reviewing court to examine the same, and determine whether
the jurisdiction was lawfully assumed and the authority
regularly pursued. (4 Ency. Pl. & Pr., pp. 222-281; *Blair
v. Hamilton,* 32 Cal. 49; *City of Los Angeles v. Young,* 118
Cal. 295, 50 Pac. 534, 62 Am. St. Rep. 234; *State ex rel.
Thompson v. Board,* 7 Nev. 83.) The return as to such
statement of facts is likewise conclusive when made by a trib-
unal or board composed of the same person or persons be-

fore whom the proceedings took place, and when such state-ment of facts relates to such things as were presumably within their personal knowledge and were within their jurisdiction to pass upon and determine. But, when such extrinsic facts not required to be of record are set forth in a return made by a tribunal or board not composed of the same person or persons before whom the proceedings were had, or otherwise were not presumably within their personal knowledge, then the return as to such facts is not conclusive, but may be rebutted by the petitioner. (*Fairbanks v. Mayor, etc.,* 132 Mass. 42; *Haven v. County Commissioners,* 155 Mass. 467, 29 N. E. 1083.) When the inferior tribunal or board is unable to return and certify what the facts and proceedings in such particular were, or the evidence of them, the reviewing court may then hear evidence *aliunde* the return, not for the purpose of determining the merits of the controversy and of trying it as on an issue of fact, but for the purpose of ascertaining what transpired before the inferior tribunal and what proceedings were had and taken before it. (*Conover v. Bird,* 56 N. J. Law, 228, 28 Atl. 428.)

In this case the return was made by a tribunal not composed of the same person before whom the proceedings inquired about took place. The case in the justice's court was tried in April, 1901, before one W. N. Thomas, the then qualified and acting justice of the precinct, and a judgment was on that day rendered and entered by him. In January, 1906, he was succeeded in office by the respondent H. A. Pedersen, who, when the writ was issued, was then the qualified and acting justice of the precinct. The writ was properly directed to him in his official capacity as the incumbent of the office. Now the record of the justice's court as returned by him does not show that notice had been given the defendant of the day set for trial. But, as before observed, the justice was not required by law to make such things appear of record. Nor did the justice in his return show that such a notice was given, nor did he return or certify to the re-

viewing court the facts or the evidence of them, of the giving of such a notice, or what the proceedings were in such particular. If the affidavit for the writ had been sufficient, and the justice to whom the writ was directed having failed to return what the facts and the proceedings were with respect to the giving of the notice, the reviewing court could properly have required a return made of them. If the justice had been unable to respond to the rule, the court then could properly have received evidence to ascertain what proceedings in that regard were had before the justice's court. This course was not pursued by the district court. It heard evidence of the merits of the controversy and tried it as an issue of fact, and determined it on the merits. In so doing the court committed error. But the error was harmless, for the reason that the affidavit for the writ was insufficient to authorize the issuing of the writ. Nowhere in      **6, 7** the affidavit is it stated wherein or in what particular the justice exceeded or acted without jurisdiction, or did not regularly pursue his authority. An allegation of that kind was essential. To merely state, as is stated in the affidavit, that the justice in rendering and entering judgment exceeded his jurisdiction, without specifying wherein or in what particular jurisdiction was exceeded is a mere conclusion. There being no allegation in the petition or affidavit that the justice proceeded to trial without first notifying the parties of the day fixed for trial, the justice was not called upon in his return to certify to the reviewing court the proceedings in such particular, nor was the petitioner entitled to have such proceedings reviewed. The *certiorari* proceedings ought, therefore, to have been dismissed. Whether the petitioner was entitled to amend his affidavit in respect of such a matter of substance—such an amendment necessarily calling for a new return—we need not decide, for leave to amend was not asked. Nor, in view of our holding, is it necessary to decide the questions with respect to the petitioner's delay and laches in not making a more timely application for the writ.

-The case is remanded to the district court, with directions to dismiss the proceeding. Costs to the respondent.

FRICK and McCARTY, JJ., concur.