## STATE ex rel. GRANT v. FIRST JUDICIAL DISTRICT COURT et al.

No. 2113.   Decided September 3, 1910 (110 Pac. 981).

1. APPEAL AND ERROR—TIME FOR APPEALING.  When a statute provides that an appeal may be taken within a specified time after the service of notice of the rendition or entry of judgment, a party seeking to limit the time of appeal is held to strict compliance with the statute, though the party entitled to notice has actual knowledge of the judgment.[1]   (Page 140.)

2. APPEAL AND ERROR—TIME FOR APPEALING—WAIVER.  Where one's right to appeal is limited from the date of notice to him of the judgment, he may waive the notice, setting the limitation in motion, as where one moves to stay execution or by other direct proceeding attacks the judgment.   (Page 141.)

3. JUSTICES OF THE PEACE — APPEAL — LIMITATIONS — WAIVER.  By moving to set aside a justice's judgment against him, defendant

---

[1] Burlock v. Shupe, 5 Utah, 429, 17 Pac. 19; Mercantile Co. v. Glenn, 6 Utah, 139, 21 Pac. 500.

waived notice of the judgment, within Comp. Laws 1907, sec. 3744, requiring an appeal to be taken within thirty days after such notice, and the time for appeal commenced to run from the date of the motion.   (Page 143.)

Application by the State of Utah, on the relation of Louis Grant, or a writ of prohibition against the First Judicial District Court and others.

ALTERNATE WRIT MADE PERPETUAL.

*B. H. Jones* for plaintiff.

*J. D. Call* for defendants.

McCARTY, J.

On May 21, 1908, Louis Grant, relator herein, commenced an .action in the Justice's Court of Bear River Precinct, Box Elder County, Utah, against Daniel Jeppesen, to recover the possession of a certain horse, or for judgment in the sum of one hundred and fifty dollars, the alleged value thereof, in case a delivery could not be had.   Jeppesen filed an answer to the complaint, and on March 27, 1909, a trial was had to a jury and a verdict in favor of Grant, the plaintiff, was returned.   On March 29, 1909, Jeppesen filed, in the justice's court in which the action was tried, a written motion, in which he moved the court "for an order vacating and setting aside the judgment herein, and declaring the same null and void and without any force or effect. . . . ." The motion, after setting forth the grounds upon which it was based, concluded as follows:   "That the said action be dismissed, and that the defendant have judgment for costs in this case."   On the same day (March 29, 1909), that the motion attacking the judgment was filed, the justice of the peace denied the same.   On May 12, 1909, forty-four days after the order overruling the motion to set aside the judgment was made and entered, Jeppesen attempted to appeal the case to the district court of Box Elder County, Utah, by filing his notice of appeal in the said court.   Relator,

Louis Grant, filed a motion in the district court to dismiss the appeal on the ground: "That the notice of appeal was not served and filed within thirty days after notice of rendition of judgment." The motion to dismiss was overruled. Thereupon relator applied to this court for a writ of prohibition to arrest and prohibit further proceedings by the district court.

It is conceded that no notice of the entry of judgment rendered in the justice's court was given to the defendant Jeppesen, as required by section 3744, Comp. Laws 1907, which, so far as material here, provides: "Any person dissatisfied with a judgment rendered in a justice's court, whether the same was rendered on default or after trial, may appeal therefrom to the district court of the county at any time within thirty days after the rendition of any final judgment. Notice of the entry of judgment must be given to the losing party by the successful party either personally or by publication, and the time of appeal shall date from the service of said notice."

Relator contends that Jeppesen, by filing his motion in the justice's court to set aside the judgment and obtaining a ruling thereon, waived service of notice of the entry of judgment. On the other hand, it is contended on behalf of the defendants that Jeppesen had thirty days in which to take an appeal from the time of service on him of the entry of judgment as required by the foregoing provision of the statute, and that the filing of the motion to vacate and set aside the judgment did not constitute a waiver of such notice, and, as no notice was given of the entry of judgment as required by statute, the appeal was taken in time.

The rule, as declared by the weight of authority, seems to be that, when a statute provides that an appeal may be taken within a specified time after the service of notice of the rendition or the entry of judgment, a party seeking to limit the time of appeal is held to strict compliance with the statute. The party entitled to notice may have actual knowledge that the judgment has been rendered, but this alone is not sufficient to set the statute

running.   (4 Enc. L. & P. 125, 127; 2 Cyc. 799; 2 Enc. Pl. & Pr., 251; 1 Spelling, New Tr. & App. Pr., 362; Hayne, New Tr. & App. 79; *Forni v. Yoell,* 99 Cal. 173, 33 Pac. 887; *Gardner v. Stare,* 135 Cal. 118, 67 Pac. 5; *Mallory v. See,* 129 Cal. 356, 61 Pac. 1123; *Burlock v. Shupe,* 5 Utah 429, 17 Pac. 19; *Mercantile Co. v. Glenn,* 6 Utah 139, 21 Pac. 500.)

But these same authorities also hold that the party claiming to be aggrieved by the judgment may waive the giving of notice and by his own act set the statute running. Where, for example, a party dissatisfied with a judgment files a motion for a stay of execution, or by other direct proceeding attacks the judgment, and invokes the action of the court to relieve him, either wholly or in part, from the effect thereof, he will be deemed to have waived service of notice.

In 1 Spelling, New Tr. & App. Pr., sec. 363, the author, discussing the question of waiver of notice, says:

"It may not only be waived, but the party entitled to notice may do that which will estop him from denying that he has not been notified of the decision according to the statutory requirements.   But even in that case his act may with propriety be spoken of as waiver.   It constitutes a clear case of waiver for the movant to serve and file his notice of intention, or *file any paper reciting the filing of findings, without waiting to receive notice of the decision.*"   (Italics ours.)

*Gardner v. Stare, supra,* was a case in which the defendant, on the same day that the judgment was entered, applied for and obtained an order staying execution upon the judgment and served notice of such order upon all parties to the action. On the appeal it was held that these facts constituted a waiver by defendant of written notice of the decision.   In the course of the opinion it is said:

"A written admission by the party entitled to notice, of knowledge that the decision had been made, filed with the clerk, or entered upon the minutes of the court, would supersede the necessity of giving such notice; and a motion to the court or other proceeding by a party, with reference to the decision, which presumes his knowledge that it has been made,

and by which he seeks to protect his own interest against the rights of the other party under the decision, will be regarded as a waiver of his right to a notice of the decision. . . . In the present case, the action of the appellant in asking for a stay of execution upon the judgment was a recognition by her that the decision had been made, and an implied admission of her knowledge thereof, and, being incorporated into the records of the case, bound her as fully as if she had given a written admission of a notice of the decision."

In Hayne, New Tr. & App. p. 79, the doctrine is illustrated in the following language:

"As above stated, the notice must be in writing. But notice may be waived. That it may be waived by written stipulation admits of no question, for a party may waive any act intended for his own benefit. But the decisions seem to go further, and to be to the effect that notice may be waived by the conduct of the party, without a stipulation. Thus, where the moving party gives his notice of intention without waiting for notice of decision, he thereby waives notice of decision, and if one be subsequently given it serves no purpose." And again, on page 81 of the same work, the author says: "The language of some of the opinions, however, lends some countenance to the idea that mere knowledge of the rendition of the decision is the equivalent of notice. It is certainly true that for some purposes the law considers knowledge the equivalent of notice; but this does not hold in all cases. And it does not seem that the provision of the statute that the time to give notice of intention begins to run from notice of the decision, and that 'notices must be in writing' means that mere knowledge is notice. Where the party not only has knowledge but acts upon such knowledge, and such action appears of record, there is a distinct act of waiver—the written notice which would otherwise have been necessary is dispensed with by the act of the party. But in order to constitute a waiver there must be some act. Mere knowledge is not an act. . . . And it is certainly true that notice may be waived by acting upon knowledge of the decision."

And this seems to be the rule in this jurisdiction. In the case of *Burlock v. Shupe, supra,* it is said: "Where the party has knowledge, and acts in the manner pointed out in the statute as to follow the notice, there would be a good reason to treat his action as waiver of the notice, or as equivalent to the notice. But we are not prepared to say that anything short of doing something which the statute points out as to follow or be preceded by the notice, would

be or could be treated as a waiver of the notice. The party must do some affirmative act pointed out in the statute as not necessary to be done until after the notice." This case is cited with approval and the doctrine therein announced reaffirmed in the case *Everett v. Jones,* 32 Utah 489, 91 Pac. 360, recently decided by this court.

Upon the authority of these two cases, which, as we have pointed out, are in harmony with the weight of authority, we are constrained to hold that Jeppesen, **3** by filing his motion in the justice's court to set aside the judgment and to have the same declared null and void, waived service of notice. It therefore necessarily follows that the time for taking an appeal commenced running from the date of the filing of the motion, and, as the notice of appeal was not filed within thirty days thereafter, the district court failed to acquire jurisdiction of the action except to dismiss the same.

The alternative writ of prohibition heretofore issued by this court in the cause is continued in force and made perpetual. The costs of this proceeding to be taxed against defendant Daniel Jeppesen.

STRAUP, C. J., and FRICK, J., concur.