McMILLAN v. DURAND, Justice of the Peace.

No. 2084. Decided November 28, 1910 (112 Pac. 807).

CERTIORARI—CONCLUSIVENESS OF RECORD. Comp. Laws 1907, sec. 3757, requires every justice to keep a docket of the time when the parties or either of them appeared, or their nonappearance, if default be made. In *certiorari* proceedings to review the action of a justice, the record of the proceedings made by the justice showed that defendant was duly served with summons, that he failed to appear, ad that his default was entered, and there was nothing in the record showing anything to the contrary. *Held*, that the record could not be contradicted by a statement in the return or by other evidence *dehors* the record.[1] (Page 276.)

APPEAL from District Court, Third District; *Hon. T. D. Lewis,* Judge.

Neal McMillan obtained a writ of certiorari to review the proceedings of Charles F. Durand, a Justice of the Peace, and to annul a judgment rendered against petitioner.

Judgment of the justice's court was affirmed. Petitioner appeals.

---

[1] Griffith v. Justice's Court, 35 Utah, 443, 100 Pac. 1064.

AFFIRMED.

*Moyle & Van Cott* and *Geo. M. Sullivan* for appellant.

*E. A. Walton* and *Dey & Hoppaugh* for respondent.

STRAUP, C. J.

A writ of certiorari was obtained in the district court to review the proceedings of a justice's court and to annul the judgment rendered by it in favor of the plaintiff in a case wherein William R. Forsythe was plaintiff and Neal McMillan was defendant. On a hearing the district court affirmed the judgment of the justice's court. From the judgment of the district court an appeal is prosecuted to this court.

A transcript of the justice's docket and record as returned and certified to the district court, in pursuance to the writ, shows, among other things, the docketing of the case "William Forsythe, Plaintiff, v. Neal McMillan, Defendant," on the 9th day of February, 1907; that on the same day a complaint was filed and a summons issued; that on the 9th day of March, 1907, "summons returned claiming (showing) personal service of the defendant of County of Salt Lake, State of Utah, this 25th day of February, 1907," by a constable; that on the 11th day of March, 1907, "defendant being duly served with summons and having failed to appear and answer, and the time to answer having expired, upon motion of plaintiff the default of defendant is hereby entered by the court;" and on the same day "from the evidence I find the defendant is indebted to plaintiff in the sum of two hundred dollars and thirty cents, including interest. It is therefore ordered and adjudged by the court that plaintiff have and recover from the defendant the sum of two hundred dollars and thirty cents and costs taxed at three dollars and forty cents." In addition to the return of the transcript of the justice's record, it was also made to appear by the return, that on the 28th day of February, 1907, which was before default day, the justice received a general and special demurrer to the complaint which was not filed by him but

which was placed in an envelope on which was indorsed "held for fees." The demurrer was not placed with the other papers on file in the cause, but was kept about the office with other papers. Counsel for the petitioner, at the hearing before the district court, also offered to testify that before default day, he, residing at Salt Lake City, mailed to the justice, residing at Murray, the demurrer; that afterwards he saw the demurrer in the justice's office, and that the justice made no demand for fees for the filing of the demurrer. The court declined to receive the testimony. Complaint is made of this ruling, and also of the ruling affirming the judgment on the return as made.

We think the rulings were right. In the case of *Griffiths v. Justice's Court*, 35 Utah, 443, 100 Pac. 1064, we said: "The record itself, as returned by the inferior tribunal or board imports verity, and is deemed conclusive as to all matters or things which are required to be recorded and made of record and may not be aided, contradicted, or controlled by anything dehors the record, nor by statements in the return." As to all such matters, the reviewing court on the hearing must confine itself to an inspection of the record as returned. The reviewing court in such a proceeding is called upon to review, not make, a record. The statute (section 3757, Comp. Laws 1907) requires that "every justice must keep a book denominated a 'docket' in which must be entered; . . . (4) The time when the parties, or either of them appear, or their nonappearance, if default be made; a minute of the pleadings and motions, if in writing, referring to them; if not in writing, a concise statement of the material parts of the pleadings." The appearance or nonappearance of the defendant in a case in the justice's court is by statute required to be made of record. The justice made such a record. A record was made by him that the defendant was duly served with summons, that he failed to appear, and that his default was entered. There is nothing of record showing anything to the contrary. The record in such particular may not be contradicted by a statement in the return or by other evidence *dehors* the record. Were it

otherwise, then in such a proceeding as this, could also a record be contradicted showing that a complaint was filed, or when it was filed, or that a summons was issued, or when it was served, and could be contradicted in any other particular which is required to be and which was recorded.

We think the ruling announced in the Griffith Case is wholesome, and is supported by the great weight of authority. A different rule would invite strife and cause endless mischief.

We think the judgment of the court below ought to be affirmed, with costs. It is so ordered.

FRICK and McCARTY, JJ., concur.