## FORSYTHE v. THIRD JUDICIAL DISTRICT COURT.

No. 2319. Decided April 18, 1912 (123 Pac. 621.)

1. JUSTICES OF THE PEACE—APPEAL—TIME TO APPEAL—WAIVER OF NOTICE OF ENTRY OF JUDGMENT. A defendant, who attacks by *certiorari* an adverse judgment of a justice's court, waives notice of the entry of judgment, within Comp. Laws 1907, sec. 3744, authorizing an appeal within thirty days after notice of entry of judgment; and an appeal, not taken within thirty days after *certiorari* proceedings, is not taken in time, though thereafter plaintiff served notice of entry of judgment, and defendant appealed within thirty days after such notice.[1] (Page 19.)

2. JUSTICES OF THE PEACE—APPEAL—TIME TO APPEAL—WAIVER OF NOTICE OF ENTRY OF JUDGMENT. The purpose of Comp. Laws 1907, sec. 3744, authorizing an appeal from a justice's judgment within thirty days after notice of entry of judgment, is to apprise the defeated party of judgment against him, so as to permit him to take an appeal; but the notice is waived where he appeals without notice, or by some other direct attack seeks to modify or annul the judgment. (Page 20.)

3. JUSTICES OF THE PEACE—APPEAL—TIME TO APPEAL—WAIVER OF NOTICE OF ENTRY OF JUDGMENT. A defendant, against whom a default judgment in justice's court has been rendered, may wait until notice of the entry of judgment has been served on him and appeal within thirty days, as provided by Comp. Laws 1907, sec. 3744; or he may, by *certiorari*, assail the proceeding for want or excess of jurisdiction. (Page 21.)

---

[1] State v. District Court, 38 Utah, 138, 110 Pac. 981.

Prohibition by William R. Forsythe against the Third Judicial District Court for Salt Lake County; *Hon. Frederick C. Loofbourow,* judge thereof, and another.

GRANTED.

*George B. Hancock* for plaintiff.

*Moyle & Van Cott and George M. Sullivan* for defendants.

FRICK, C. J.

The plaintiff filed an original application in this court for a writ of prohibition to prevent the Honorable F. C. Loofbourow, as judge of the district court of Salt Lake County, Utah, from entertaining an appeal from a judgment entered in the justice court of Murray City, in a certain action wherein William R. Forsythe was plaintiff and Neal McMillan was defendant, and to prevent said court from trying said case on appeal.

The controlling facts, briefly stated, are as follows: The plaintiff, Forsythe, on the 9th day of February, 1907, commenced an action in the justice court of Murray City before one Charles F. Durand, justice of the peace, against the defendant Neal McMillan. The defendant McMillan, for reasons not material here, was adjudged in default, and judgment by default was entered against him in said justice court on the 11th day of March, 1907. McMillan was not aware that judgment had been entered against him in said action until the 10th day of July, 1910; and as soon as he became aware of the fact he at once sued out a writ of *certiorari* in the district court of Salt Lake County against Charles F. Durand to review the proceedings had in said action, and to annul said judgment entered against him by default, as aforesaid, upon the ground that said justice had exceeded his jurisdiction in entering said judgment. Upon a hearing of the *certiorari* proceeding by the district court, said court refused to annul said judgment, but affirmed the same. McMillan appealed from the decision of the district court, affirming the justice's judgment to this court, and after a

41 Utah 2

hearing this court affirmed the judgment of the district court. See *McMillan v. Durand,* 38 Utah, 274, 112 Pac. 807. We refer to that case for a more detailed statement of the facts relating thereto.

We have a statute (Comp. Laws 1907, section 3744) which requires that notice of the entry of judgment be given to the losing party before his time for taking an appeal from a judgment rendered in a justice court begins to run. The statute, among other things, provides that an appeal may be taken from a justice court to the district court at any time within thirty days after the rendition of any final judgment in the justice court. That portion of the statute which is deemed controlling here reads as follows:

"Notice of the entry of judgment must be given to the losing party by the successful party either personally or by publication, and the time of appeal shall date from the service of such notice."

There are other provisions; but they relate to the publication of notice in case personal service cannot be had. In this case, personal service of notice could have been had; and hence the remaining portions of the statute are not material.

As we have seen, the original action against the defendant McMillan was commenced in February, 1907, and final judgment by default was entered against him therein on the 11th day of March following; but no notice of the entry of such judgment was given him by the 10th day of July, 1910, at which time he in some way became apprised of the judgment, and then immediately commenced the *certiorari* proceeding to review the proceedings and annul the judgment before referred to. While the *certiorari* proceeding was pending in this court on appeal, the plaintiff, in the case of *Forsythe v. McMillan,* served notice of the entry of judgment in the justice court upon the defendant McMillan, and within thirty days thereafter McMillan served his notice of appeal, attempting thereby to appeal said action to the district court of Salt Lake County. The district court, over plaintiff's objection, entertained said appeal, and he alleges in his application that, unless prohibited, said court will try said case upon its merits

and enter judgment therein, which will be final, since there is no appeal therefrom to this court.

The plaintiff insists that said district court is without jurisdiction to entertain said appeal, or to try said case upon merits, for the reason that said appeal was not taken within the time provided by law. In other words, plaintiff contends that in prosecuting the *certiorari* proceeding to annul the judgment from which an appeal is sought, the defendant McMillan waived his right to have the notice of the entry of judgment served upon him; and that the time for taking an appeal commenced to run from the time he commenced his *certiorari* proceeding to cancel the very judgment from which he now seeks to prosecute an appeal. Upon the other hand, counsel for McMillan, in their brief, state the proposition involved here in the following words: "There is but one question in this prohibition proceeding, viz.: Was the bringing of said *certiorari* by Neal McMillan such an act on his part as becomes, in law, a waiver of the notice of judgment required by section 3744?" In answer to their own proposition, counsel contend that the *certiorari* proceeding was not a direct attack upon the judgment sought to be reviewed and annulled; and hence they assert that it cannot be successfully claimed that McMillan waived the service of notice of the entry of said judgment; and, further, that his time for appeal did not begin to run until the notice was served by plaintiff, Forsythe. We have had occasion to construe and apply the provisions of section 3744, *supra,* with respect to whether a losing party may waive the service of notice of entry of judgment provided for therein, and have also determined under what circumstances such a waiver may be implied. See *State v. District Court,* 38 Utah, 138, 110 Pac. 981. We there held that the losing party may waive the service of notice upon him by his own act. Mr. Justice McCarty, in the course of the opinion, said:

"Where, for example, a party dissatisfied with the judgment files a motion for a stay of execution, or by other direct proceeding attacks the judgment and invokes the action of the court to relieve him, either wholly or in part, from the effect thereof, he will be deemed to have waived service of notice."

Counsel for defendant McMillan contend that the *certiorari* proceeding instituted by him was not a direct attack upon the judgment, for the reason that the attack was made in a separate and distinct proceeding, and not by any proceeding in the original case; and therefore this case, they contend, does not come within the rule suggested by Mr. Justice McCarty. It seems to us, however, that, if the attack upon the judgment in this case does not come within the precise letter of the decision referred to, it certainly comes squarely within its spirit. What was the purpose of the *certiorari* proceeding? If it had any purpose at all, it was to annul and destroy the effect of the judgment entered against the defendant McMillan. If the *certiorari* proceeding had been upheld, it would have utterly destroyed the effectiveness of the judgment. Could any other direct attack have accomplished more? Moreover, in making the attack upon the judgment by the writ of *certiorari,* was not McMillan required to take notice of the entry of the judgment to the same extent as though he had attacked it by appeal, or by any other direct proceeding?

In this connection, it is also pertinent to inquire into the object or purpose of section 3744. Its purpose manifestly is to apprise the losing party of the time the judgment was entered against him in the action, so as to give him ample opportunity to take an appeal to the district court, which, in ordinary actions commenced in justice courts, is the court of last resort. The service of notice is, however, not an essential prerequisite to the right of an appeal. Nor is the party in whose favor a judgment is entered required to serve a notice before he may proceed to the enforcement therof. If, therfore, the successful party should attempt to enforce the judgment, and the losing party desired to prevent its enforcement, he must take and perfect his appeal, regardless of whether the notice of entry of judgment were given or not. The primary object of the service of the notice, therefore, is to set in motion the thirty-day period within which an appeal must be taken, and to leave no room for doubt that the losing party has had notice of when that period begins and ends. If, therefore, the losing party ap-

peals without the service of notice, or if he, by some other direct attack, seeks to modify or annul the judgment, he, by his own affirmative act, clearly indicates that he possesses all the notice that the statute intends him to have; and therefore he must be deemed to have waived the service of actual notice upon him. The notice being entirely for the benefit of the losing party, and not an essential step which is necessary to confer jurisdiction upon the appellate court, the appellant may waive it. We can conceive no difference in principle between the case at bar and the case of *State v. District Court, supra.* Nor can the fact that, while the *certiorari* proceeding was pending on appeal in this court, the plaintiff in the original action served McMillan with notice of the entry of the judgment change the result. When the notice was served, McMillan had already made his attack upon the judgment, and hence had waived the notice. The service of the notice in this case, therefore, could have had no more effect than if a second notice were served, where a valid and sufficient one had already been given. While McMillan was not required to do anything, so long as the plaintiff in the action did not take steps to enforce the judgment, or, in case he did not do that, so long as he failed to serve the required notice, yet, when he himself made an attack upon the judgment, for the purpose of destroying its force and effect, it was a clear indication to all concerned in the action that he waived the notice, and had elected to act upon his own initiative and without further notice.

McMillan had his choice of remedies, and, under the conditions above stated, he could have waited until notice of the entry of judgment was served upon him, and then have appealed within the time fixed by law; or he could have assailed the proceeding culminating in the judgment for want of, or that it was in excess of, jurisdiction by writ of *certiorari.* He chose to pursue the latter remedy, and in doing so necessarily waived the service of the notice that a judgment had been entered against him.

It is therefore ordered that the writ of prohibition issue as and for the purposes prayed for in plaintiff's application.

McCARTY and STRAUP, JJ., concur.