COMFORT SPOONER *versus* ASA W. RUSSELL.

The statute of 1848, c. 52, requiring that certain promises, in order to have validity, should be in writing, is *prospective* only.

In an action against a bankrupt, on a *debt* provable in bankruptcy, a new promise to pay the debt made by the defendant after the filing of his petition, and before the passing of that statute, defeats the bankruptcy discharge, as to that debt.

ASSUMPSIT on a note made to the plaintiff in 1840, payable in one year. The writ is dated in 1846. The defence set up is, that the defendant is a certificated bankrupt, having obtained his discharge in 1846, upon his petition filed in 1842.

The plaintiff proved an unequivocal verbal promise, made by the defendant to the plaintiff in 1845, to pay the note.

*A. Knowles,* for the plaintiff.

*J. Crosby,* for the defendant.

The action is barred by defendant's discharge in bankrupty, and is not revived, because the new promise is not in writing.

The statute, 1848, entitled an act requiring certain contracts to be in writing, is retrospective, pertaining to the remedy, and merely prescribes the evidence to be received. *Oriental Bank* v. *Freese,* 18 Maine, 109. Retrospective statutes, affecting the remedy, are now of the most common occurrence.

This statute must apply to all suits, brought *after* it became a law, although the *verbal promise* might have been made before. Why then should a distinction be made between actions then pending, and those afterwards commenced ? The word " maintained" must refer to actions pending, or it means nothing.

It is a remedial statute, and is to be so construed, as most effectually to meet the beneficial end in view, and prevent a failure of the remedy. *Quimby* v. *Buzzell,* 16 Maine, 474.

The policy of the law at the present time, is to require all new promises, made to revive a promise in any way barred, to be *in writing.*

The Legislature could not have intended, that a person's protection should depend upon the fact, whether the writ was already made, or should be made the next day.

SHEPLEY, C. J. orally. — It has been already decided, that a new promise, made by a bankrupt, after filing of his petition in bankruptcy, is binding upon him. It now only remains to give a construction to the statute of 1848, chap. 52. It provides, that " no action shall be brought and maintained upon a special contract or promise to pay a debt, from which the debtor has been discharged by proceedings under the bankrupt laws of the United States, or the assignment laws of this State, unless such contract or promise be made or contained in some writing, signed by the party chargeable thereby."

The act relates to the future only. It does not apply to suits which had been commenced prior to its passage.

*Judgment for plaintiff.*