STATE ex rel. NEILSON v. THIRD JUDICIAL DISTRICT COURT FOR SALT LAKE COUNTY et al.

No. 2006. Decided June 23, 1909 (102 Pac. 868).

1. APPEAL AND ERROR—DECISIONS REVIEWABLE—FINALITY. A judgment is final for the purpose of taking an appeal when it terminates the action or proceeding in which it is rendered, and that, regardless of whether the rights of the parties with reference to the subject-matter of the action have been adjudicated.[1] (Page 226.)

2. JUSTICES OF THE PEACE—JURISDICTION—WAIVER OF OBJECTION. By entering a general appearance and answering to the merits, defendant waived any right to object that the action was brought in the wrong precinct. (Page 227.)

---

[1] Honerine M. & M. Co. v. Tallerday S. P. & T. Co., 30 Utah 449, 85 Pac. 626; Winnovich v. Emery, 33 Utah 345, 93 Pac. 988; Bristol v. Brent, 35 Utah 213, 99 Pac. 1000.

3. JUSTICES OF THE PEACE—OBJECTION TO JURISDICTION—WAIVER—
ANSWER TO MERITS ON APPEAL. Comp. Laws 1907, section 3745,
provides that on appeal from a justice of the peace the cause
shall be heard anew. *Held*, that, where defendant in justice's
court appeared specially and objected that the action was brought
in the wrong precinct, but on appeal from a dismissal he an-
swered to the merits, his objection was waived.[2]    (Page 227.)

4. MANDAMUS—COURTS—JURISDICTION. Where a court has juris-
diction of the subject-matter of the action, and has acquired
jurisdiction of the parties, mandamus will lie to compel the
court to take jurisdiction of the cause and to try it upon the
merits.[3]    (Page 228.)

Mandamus by the state, on the relation of Hyrum
Neilson, to compel Morris L. Ritchie, as Judge of the Third
Judicial District Court for Salt Lake County, to set aside
an order dismissing an action by relator against E. E.
Watrous and others.

TEMPORARY WRIT MADE PERMANENT.

*E. A. Walton* for plaintiff.

*Willard Hamer* for defendant.

McCARTY, J.

This is an original application for a writ of mandate
against Hon. Morris L. Ritchie, one of the district judges
of Salt Lake County. The proceedings upon which the ap-
plication is based are as follows: On October 31, 1908,
Hyrum Neilson, the relator herein, who, for convenience,
will hereafter be designated and referred to as plaintiff,
commenced an action in the justice court of Salt Lake
City precinct against E. E. Watrous, H. R. Watrous, and
Earl Watrous, defendants, to recover the sum of $206 for
goods, wares, and merchandise alleged to have been sold and
delivered to them by plaintiff. Plaintiff caused to be issued

---

2 White v. Railway, 25 Utah 346, 71 Pac. 593; Sanipoli v. Coal Co.,
31 Utah 114, 86 Pac. 865; Kuhn v. Mount, 13 Utah 108, 44 Pac. 1036.
3 Hoffman v. Lewis, 31 Utah 179, 87 Pac. 167.

out of said court a writ of attachment, which was duly
served by garnishment. No summons was served on de-
fendants or either of them. On November 6, 1908, the de-
fendants appeared specially, and moved the court to dismiss
the action on the ground that it was brought in the wrong
precinct or city. In support of their motion defendants
filed an affidavit in which it was alleged that the cause of
action set forth in plaintiff's complaint arose in Holiday Pre-
cinct, Salt Lake County, Utah; that the defendants, and
each of them, during all the times mentioned in plaintiff's
complaint, have been and now are residents of Big Cotton-
wood Precinct, Salt Lake County; that the alleged cause of
action sued on arose upon an account contracted in Holiday
Precinct, which is not situated in Salt Lake City Precinct,
and that during all of said times there has been, and now
is, a regularly elected, qualified, and acting justice of the
peace in Holiday Precinct. On November 10, 1908, the
justice of the peace sustained the motion, and dismissed the
action without prejudice. The plaintiff thereupon appealed
the case to the district court of Salt Lake County. On De-
cember 17, 1908, the defendants filed an answer to the
merits in the district court in which they denied "each and
every allegation contained in said complaint," and prayed
that "the plaintiff take nothing by his said complaint." The
same day on which the answer was filed the defendants filed
a motion to dismiss the attachment on the ground that the
justice court had no right to issue the writ because it had no
jurisdiction of the defendants, or either of them. Two of
the defendants, H. R. Watrous and Earl Watrous, filed an
affidavit in support of the motion to dismiss, in which they
denied each and every averment contained in plaintiff's af-
fidavit for attachment. The motion to dismiss the attach-
ment was argued and submitted and by the court taken
under advisement. The court did not rule upon this motion,
but, on December 31, 1908, on its own motion, dismissed
the case "without prejudice to a new action" for want of
jurisdiction, and refused to further entertain jurisdiction

36 Utah—15

of the case and try the same upon merits. Plaintiff thereupon began these proceedings for a writ of mandate requiring the Third District Court, Hon. Morris L. Ritchie judge thereof, to vacate and set aside the order of dismissal, and to assume jurisdiction of the cause and to try upon merits, and for costs against the other defendants.

It is contended on behalf of the defendants that the judgment of the justice of the peace dismissing the action without prejudice is not a judgment from which an appeal will lie. Counsel, in their brief, say: "The judgment of the justice in this case was that the same be dismissed without prejudice, and therefore it did not dispose of the action as to all the parties, and dispose of the subject-matter of the litigation upon the merits."

It is settled law in this jurisdiction that a judgment is final for the purpose of taking an appeal when it terminates the action or proceeding in which it is rendered, and that, too, regardless of whether or not the rights of the parties with reference to the subject-matter of the action have been adjudicated. In the case of *Honerine M. & M. Co. v. Tallerday S. P. & T. Co.,* 30 Utah 449, 85 Pac. 626, the question as to what constitutes a final judgment, within the meaning of the Constitution and statutes of this state, was discussed, and in the course of the opinion Mr. Justice Straup, speaking for the court, said: "It is the termination of the particular action which marks the finality of the judgment. A decision which terminates the suit or puts the case out of court without an adjudication on the merits is nevertheless a final judgment." In the case of *Winnovich v. Emery,* 33 Utah 345, 93 Pac. 988, this same general question as to what constitutes a final judgment was again before this court, and, in the course of the opinion, Mr. Justice Frick, after citing with approval the Honerine Case, said: "The test of finality for the purpose of an appeal, therefore, is not necessarily whether the whole matter involved in the action is concluded, but whether the particular proceeding or action is terminated by the judg-

ment." This doctrine was again reaffirmed by this court in the case of *Bristol v. Brent,* 35 Utah 213, 99 Pac. 1000.

Both the justice of the peace before whom the action was commenced and the district court to which the appeal was taken had original and concurrent jurisdiction of the subject-matter of the action. In fact, the question of jurisdiction of the subject-matter is not involved. Section 3745, Comp. Laws 1907, provides that all causes appealed from the justice of the peace courts to the district court shall be heard anew in such court. It therefore necessarily follows that whatever right a party to an action may waive in the justice court he may also waive when the case is appealed to the district court; or he may insist upon such rights in the justice court and waive them in the district court. Therefore, whatever rights the defendants may have had to object to the justice court proceeding to try **2** the action on merits because of the failure of the court to acquire jurisdiction of their persons, they could have waived; that is, by entering a general appearance and answering to the merits, they would have waived whatever right they might otherwise have had to object to a trial before that particular justice on the ground that the action was brought in the wrong precinct. (*White v. Railway,* 25 Utah 346, 71 Pac. 593; *Sanipoli v. Coal Co.,* 31 Utah 114, 86 Pac. 865; *Kuhn v. Mount,* 13 Utah 108, 44 Pac. 1036.) In 3 Cyc. 521 and 522, the general rule is correctly and tersely stated as follows: "If a court has jurisdiction of the subject-matter, a defendant, by making a general appearance, waives the objection that the venue of the action is wrong." Many cases are cited in the footnote which illustrate and sustain this doctrine.

It follows from what we have said that defendants, by answering to the merits in the district court, submitted themselves to the jurisdiction of the court. In fact they did not challenge the jurisdiction of that court **3** to hear and determine the case on its merits, but the district court, as we have observed, dismissed the action on its own motion instead of proceeding to try the case on

merits as it should have done. As heretofore stated, the question of jurisdiction of the subject-matter is not involved, and has no application in this case. We recognize the doctrine that consent cannot confer jurisdiction upon a court where, under the law, it has no authority to adjudicate upon the subject-matter of the action. But where it has jurisdiction of the subject-matter, the parties may, by entering a general appearance, subject themselves to the jurisdiction of the court, and thereby make its jurisdiction complete. And this is just what the defendants in this case did when they answered to the merits in the district court. Where, as in this case, the court has jurisdiction of the subject-matter of the action, and has acquired jurisdiction of the parties thereto, and instead of proceeding to hear and determine the case on its merits arbitrarily dismisses the action, mandamus will lie to compel the court to take jurisdiction of the cause and to try the same upon merits. (*Hoffman v. Lewis,* 31 Utah 179, 87 Pac. 167.)

We think the temporary writ heretofore issued ought to be made permanent. It is so ordered. Costs of these proceedings to be taxed against defendants E. E. Watrous, H. R. Watrous, and Earl Watrous.

STRAUP, C. J., and McCARTY, J., concur.