## QUEALY v. SULLIVAN.

No. 2407.   Decided January 28, 1913.   Rehearing Denied April 30, 1913 (132 Pac. 4).

1. BILLS AND NOTES—PAYMENT BY MAKER—EVIDENCE—SUFFICIENCY. Evidence *held* to justify a finding that a note, paid by the accommodation indorser, had not been previously paid by the maker.   (Page 568.)

2. EVIDENCE—HEARSAY EVIDENCE.  In an action by an accommodation indorser, who paid a note, against the maker, statements by the payee to the maker about two years after the payment were inadmissible, as against the accommodation indorser, as primary evidence of the facts recited therein, because hearsay. (Page 570.)

3. JUSTICES OF THE PEACE—JURISDICTION—VENUE—WAIVER. Under Comp. Laws 1907, secs. 3668, 3669, 3685, 3685x, providing that actions in justices' courts shall be commenced and tried in the precinct in which defendant resides, authorizing a change of venue on specified grounds, declaring that the complaint must set forth at least one of the grounds mentioned in sec. 3668, so as to show that the action is commenced in the proper city or precinct, and that every judgment on a complaint containing no allegation of the jurisdictional fact shall be void, a general appearance by a defendant and a plea to the merits, without invoking the action of the court for a change of venue, confers jurisdiction of the person; and where the justice has jurisdiction of the subject-matter he may proceed.[1]   (Page 573.)

4. LIMITATION OF ACTIONS—COMMENCEMENT OF ACTION—JUDGMENT NOT ON "MERITS"—STATUTES. Where a case in justice's court, argued and submitted on the pleadings, was dismissed, on the motion of plaintiff, without any ruling on the motion for judgment on the pleadings, the judgment was not on the "merits," within Comp. Laws 1907, sec. 2893, providing that where an action is commenced within due time, but plaintiff fails otherwise than on the merits, he may commence a new action within one year after the failure, and an action brought within one year after the dismissal is not barred by limitations; the action in justice's court having been brought in time.   (Page 575.)

APPEAL from District Court, Third District; *Hon. C. W. Morse*, Judge.

Action by L. Quealy, prosecuted on his behalf by P. J. Quealy, administrator, against J. D. Sullivan.

Judgment for plaintiff.   Defendant appeals.

AFFIRMED.

*W. H. Wilkins* for appellant.

*James Ingebretsen* for respondent.

---

[1] State v. Third District Court, 36 Utah, 68, 104 Pac. 750; State v. District Court, 36 Utah, 223, 102 Pac. 868.

STRAUP, J.

This action was brought by L. Quealy to recover for moneys paid by him for the benefit of the defendant on a promissory note signed by both of them. Quealy died after judgment and before the appeal. The administrator of his estate was substituted as plaintiff. The note was made payable to the First National Bank of Kemmerer, Wyo., in the sum of $175. It was alleged that the defendant received the whole of the consideration for which the note was given; that the intestate signed it as an accommodation indorser, and that the defendant agreed to hold him harmless; that the defendant defaulted, and, to avoid costs and expenses, the intestate, on demands from the bank, paid it; and that the defendant refused to reimburse him. The defendant admitted the execution and delivery of the note. He pleaded the statute of limitations and payment of the note by him before the intestate paid it. The allegations of payment are: That the bank had in its hands a deed from the defendant conveying to it a house and lot in Kemmerer of the value of $3500 to secure an indebtedness of the defendant to the bank in the sum of $3000, including the note in question, and that before the intestate paid the note the bank "took possession of the said house and lot as its own property, and accepted the same in full satisfaction, payment, and discharge of all debts and indebtedness of the defendant, including the amount due upon the said promissory note, whereby the said note became and was fully paid and satisfied, of all of which facts plaintiff (the intestate) had full knowledge" before he paid it. To avoid the plea of limitations, the intestate averred that a prior action had been commenced by him against the defendant in the justice court of Salt Lake City on the same cause of action by filling complaint and the issuing of a summons; that the defendant appeared and answered to the merits; that such prior action was on motion of the intestate, dismissed without prejudice, and that it failed otherwise than on the merits; and that the present action was brought within one year thereafter. The defendant further averred that the judgment of such prior action

was an adjudication on merits and a bar to any further action.

The case was tried to the court, who found the facts as alleged in the complaint. The issues as to the pleas of limitations and payment were found against the defendant. Judgment was thereupon rendered in favor of the plaintiff. The defendant appeals

The assignment raises questions relating to the issues presented by the special pleas. It is urged that the evidence conclusively shows that the note was paid by the defendant, as in the answer alleged, before the intestate paid it, and that the action was barred.

The intestate testified:

"Before I made the payment, I made an effort to locate Mr. Sullivan to get him to pay the note, but was unable to find him. He made no reply to my letter requesting him to pay the note, and the bank made me pay it. I paid the note and interest and the attorney's fees. I had no notice or knowledge of any credit upon the said note, or that Sullivan was entitled to any credit upon the same, or of any defense that Sullivan might have had to the note. Sullivan never told me anything of the kind, and never told me not to pay the note. The bank threatened to sue me, and I paid the note to save expenses of suit, for the use and benefit of the defendant, J. D. Sullivan, for whose benefit and accommodation I signed it. Sullivan has never reimbursed me for the amount I paid out. He has never paid me a cent. The note was long past due when I paid it."

The cashier of the bank, on behalf of the intestate, testified:

"I was present at the time the note was made and signed. The note was paid to the bank by L. Quealy, June 3, 1904. Mr. Sullivan having failed to pay the note after numerous demands I had the bank's attorney make collection of the note from the accommodation maker, and Mr. Quealy paid the same. I rendered Mr. Sullivan this statement of his account with the bank, in which I included the said note as a part of his indebtedness to the bank. This note was not secured

by a mortgage or lien upon any form of property, and the note is not now, and never has been, charged to the account of J. D. Sullivan in our bank."

The defendant, on his own behalf, testified:

"At the time I signed the note with Mr. Quealy, I told him that the bank held a mortgage on my home there of $1500 as security for my balances. I had given it to them in June of the same year on $3500 residence. It was a warranty deed I gave them on my property there as security on my balances. The value of my property was $3500. I was not indebted to the bank $3500 at that time; neither have I been any time since then. I told Mr. Quealy at that time that the bank had this deed as security for my balances. I never had any settlement with the bank. I never had a communication from the bank or from Mr. Quealy, the plaintiff in this suit, with relation to this note. I knew the note was at the bank and that I owed it, and about four and one-half years ago I wrote the bank in regard to it and received a reply. This letter is the reply I received, and with the letter I received the inclosed statement. I never received any letter from Mr. Quealy with respect to his being required to pay this note."

The letter from the bank, dated May 25, 1906, two years after the intestate had paid the note, is:

"Some two years ago we charged off your indebtedness into our real estate account, and placed your deed on record. We certainly will be pleased to permit you to redeem the property within a reasonable time. We have made several improvements on the place. I inclose statement of indebtedness showing balance due of $2992.05, June 1, 1906. By remitting this to us we will gladly make you a deed to the property."

The statement referred to shows overdrafts and interest in the sum of $180.60, a loan and interest of $1884, one of $130.45, the note in question, with interest, the Frontier Supply Company account, with interest, amounting to $579.28, taxes and insurance, $82.50, improvements $225, and credits by rent, $340.

This is all the evidence with respect to the alleged prior payment. There is positive and direct evidence to show that the note was paid by the intestate, and that when he paid it, the note, still in the hands of the bank, the payee, was past due and wholly unpaid; that the bank had demanded payment of both the defendant and the intestate and threatened suit if it was not paid; and that the note was unsecured, and was not charged to the defendant's bank account. This, it is urged, was all contradicted by the letter and statement from the bank. Though that be so, still the court was licensed to make the finding based on and in accordance with such direct and positive evidence, instead of the letter and statement. Furthermore, the letter and statement do not show that the indebtedness therein referred to was paid or discharged. They but show that it was transferred from one account to another, and a deed in name (a mortgage in fact) placed on record and the defendant given the right to redeem by paying the whole of the indebtedness. But there is no evidence to show that the note was in fact secured by that or any deed or mortgage. The cashier testified that it was not. No witness testified that it was. The defendant testified that he told the intestate that the bank held a mortgage on his home for $1500 as security for any balances. He, however, did not testify that the note was included in that, or that it was otherwise secured. He, of course, seeks to have the inference drawn that the note was secured from what he told the intestate and from what the bank wrote the defendant. But the mere proof of the defendant's declaration was not proof of the fact so declared. Nor were the letter and statement of the bank, written to and furnished the defendant two years after the intestate had paid the note, competent evidence, as against the intestate, of the facts so declared. They, as to the intestate, in an action between him and the defendant, were mere hearsay. They were received in evidence over the intestate's objections not to impeach the cashier, but as primary evidence of the fact that the note was secured and when paid by the intestate had theretofore been paid, as in the answer alleged.

Thus to dispute the positive and direct evidence of the intes-
tate and his witness that the note, when he paid it, was wholly
unpaid, the defendant was allowed to put in evidence a let-
ter and statement of the bank to the defendant two years
after the intestate had paid the note.  The intestate had the
right to insist that the fact of such prior payment be estab-
lished by the testimony of those having knowledge of the fact,
and given under oath and subject to cross-examination, and
not by their mere declarations not under oath and not sub-
ject to cross-examination.  We think the court was justified
in finding against the defendant on his alleged prior payment.

Now, as to the alleged bar:  The note was given Novem-
ber 1, 1902, and was payable three months thereafter.  The
intestate paid it June 3, 1904.  He commenced this suit
in the district court on the 19th of March, 1910.  Our stat-
ute (Comp. Laws 1907, sec. 2875) provides that an action
upon a contract, obligation, or liability founded upon an in-
strument in writing may be commenced within six years after
the cause of action has accrued; an action on contract, not
in writing, within four years.  Section 2876.  The action in
the district court was commenced more than seven years af-
ter the note became due; and five years nine and one-half
months after the intestate paid it.  If it be held that the
cause of action did not accrue until the intestate paid the
note, and if it be further held that the action was upon an
instrument in writing, then the action was commenced in
time—within six years after it accrued.  If, however, it be
held that the action was not founded on an instrument in
writing, or if it be held that the cause of action accrued when
the note became due, then the action in the district court
was not commenced in time and was barred, unless saved
by the provisions of section 2893.  That section provides
that "if any action be commenced within due time and
.  .  .  if the plaintiff fail in such action or upon a cause of
action otherwise than upon the merits, and the time limited
for the same shall have expired,  .  .  .  he may commence
a new action within one year after the  .  .  .  failure."
The intestate commenced an action in the justice court of

Salt Lake City on the 31st of October, 1907, within the period of limitation, whether considered under section 2875 or 2876. On that day a complaint was filed, and on the next a summons issued and served. The defendant appeared and, on November 18, 1907, filed an answer to the merits. The case was set for trial to be heard November 8, 1909. It was continued and finally brought on for hearing the 12th of December, 1909. The justice's record then recites that on that day, "this case coming on regularly to be heard, the plaintiff appearing by his attorney, and the defendant appearing by his attorney, the attorney for the plaintiff made a motion that judgment be entered on the pleadings. Case argued and submitted on the pleadings." No decision was made or judgment rendered on that motion. The record, however, further recites that on March 3, 1910, "case dismissed without prejudice on motion of attorney for plaintiff." That was the end of the proceedings there. Then on the 19th of March, sixteen days thereafter, this case was commenced in the district court. The defendant urges that the complaint in the justice court does not show that the justice had jurisdiction, and therefore the commencement of the pretended action in that court did not toll the statute; and if he be wrong in that, then he urges that from the recitals of the justice's record that the case was argued and submitted on the pleadings it must be held the case was adjudicated on merits, and the judgment a bar to any further action. The trial court on these contentions held against the defendant, and held the action not barred.

The ruling involves several questions: When did the cause of action accrue? Whether when the note became due, or when intestate paid it? Whether the action was or was not founded upon a contract in writing? And whether the commencement of the action in the justice court saved the case from the bar of the statute? If the latter be answered in the affirmative, the others need not be determined.

The trial court ruled the case on the theory that the action was saved by section 2893. The defendant urges error in such particular, on the ground that the justice was with-

out jurisdiction. The alleged want of jurisdiction lies in this:

We have a statute (section 3668) which provides that actions in justices courts must be commenced, and subject to the right to change the place of trial as by the statute provided, must be tried: (1) If there is no justice **3** court for the precinct or city where the defendant resides, in any city or precinct of the county in which he resides; (2) when two or more persons are jointly bound, etc., in any precinct or city in which any of them resides; (3) injury to person or property, in the precinct or city where the injury was committed or the defendant resides; (4) in forcible entry, etc., the precinct or city where the property is; (5) when the defendant is a non-resident of the county, in any precinct or city where he may be found; (6) when he is a nonresident of the state, in any precinct or city in the state; (7) when he contracted to perform an obligation at a particular place, in the precinct or city in which such obligation is to be performed, or in which the defendant resides; (8) when the parties voluntarily appear and plead without summons, in any precinct or city in the state; (9) in all other cases, in the city or precinct in which the defendant resides. The section following relates to a change of venue and the grounds for which the place of trial may be changed. Parts of section 3685, relating to pleadings, provide that the complaint in a justice court must be in writing, "and must fully allege and set forth at least one of the grounds mentioned in section 3668, showing that the action is commenced in the city or precinct as required by said section." Parts of section 3685x provide that "every judgment made or given on a complaint not legally verified, or that contains no allegation or an allegation that was untrue of the jurisdictional fact required by this section, or that is founded on a debt or contract in which any person has bound himself, or become liable," etc., "shall be void." The complaint in the justice court was in writing, and was verified. In that complaint the execution was delivery of the note by the intestate and the defendant was alleged and a copy of the note set forth in the

complaint. It was further alleged that the intestate signed the note as an accommodation indorser and' for the use and benefit of the defendant, who received the whole of the consideration, and that the defendant agreed' to hold him harmless; that the defendant failed and neglected to pay the note after it became due; that the intestate, upon demand of the bank and to avoid' costs of suit, paid it; and' that the defendant refused to reimburse him. But in the complaint it was not averred that the defendant contracted to perform the obligation in the precinct where the action was brought, or that the defendant was a resident of that precinct, or that he was a nonresident of the county or of the state, and' because of a want of such allegations it is now urged that the justice had not jurisdiction.

We cannot yield assent to the proposition. The statute referred to is but a venue statute. It may be that the defendant, on one or more grounds specified in the statute, might have been entitled to a change of venue. But no such change was asked. To the contrary, he appeared in the action and pleaded to the merits without asking for a change of venue. In his answer there, as in the district court, he admitted the execution and delivery of the note and pleaded payment and' invoked the action of the court that "it be adjudged that he had fully paid' and discharged said promissory note to the original payee, and that he be hence dismissed with his costs." The justice undoubtedly had' jurisdiction of subject-matter. He also had jurisdiction of the person of the defendant. Whatever right, if any, the defendant had to a change of venue he waived by not applying for it. Sections 3685 and 3685x must be read with the preceding sections, pertaining to venue, to which they relate. Parts of them have been considered by us in prior cases. (*State ex rel. Gallagher v. Third Dist. Court,* 36 Utah, 68, 104 Pac. 750; *State ex rel. Nielson v. Dist. Court,* 36 Utah, 223, 102 Pac. 868.) In those cases it is held that where a sufficient uncontroverted affidavit is filed in support of a motion for a change of venue, the justice is ousted of jurisdiction to further proceed in the cause, except to transfer it, but that a

general appearance and a plea to the merits, without invoking the action of the court for a change of venue, confers jurisdiction of the person; and if the justice has jurisdiction of subject-matter he may proceed. We think that was the situation here.

Was the judgment of the justice an adjudication on merits? We think not. The record recites that the case was argued and submitted on the pleadings; but it affirmatively shows that no ruling was made and no judgment rendered on that motion. It further shows that the case subsequently was dismissed, without prejudice, on the motion of plaintiff's attorney. But it is argued that the justice was then without jurisdiction to grant such a motion; that the only judgment which he could render was one on the pleadings. The court had just as much power then to grant the one as the other. But whether the court then had or had not the power to order a dismissal, it is manifest that the court made no other order or decision and rendered no other judgment. We think the ruling that the action was not barred is also right.

The judgment of the court below is therefore affirmed, with costs.

McCARTY, C. J., and FRICK, J., concur.