SALT LAKE COFFEE & SPICE COMPANY v. DISTRICT COURT OF SALT LAKE COUNTY et al.

No. 2619.   Decided April 30, 1914 (140 Pac. 666).

1. JUSTICES OF THE PEACE—COMMENCEMENT OF ACTION. Though nothing was done in an action in justice's court from April 25, 1907, when defendant's default was entered, until April 22, 1913, when judgment was entered, the action was pending from the time the complaint was filed upon February 21, 1907.[1] (Page 414.)

2. STATUTES—RETROACTIVE OPERATION — STATUTES AFFECTING PROCEDURE. While statutes affecting procedure or remedies *prima facie* apply to all acts or steps still to be taken in a pending action when the statute is enacted, they do not apply to acts

---

[1] Luke v. Bennion, 36 Utah, 61, 106 Pac. 712.

already done therein, at least, unless the statute so provides; so that Comp. Laws 1907, sec. 3685x, making every judgment void made on a complaint containing an untrue allegation of the jurisdictional facts required by the section, would not avoid a judgment on a complaint already filed when the statute was enacted. (Page 417.)

3. JUSTICES OF THE PEACE—WAIVER OF DEFECTS—FAILURE TO VERIFY COMPLAINT. The failure to verify a complaint, in a justice's action, as required by Comp. Laws 1907, sec. 3685, was not a jurisdictional defect, in absence of statute making it such, so that such defect was waived by failure to interpose a timely objection on that ground.[2] (Page 419.)

4. JUSTICES OF THE PEACE—APPEAL—DECISION. The judge of the district court stated, on appeal from a justice's judgment in disposing of the case, that the only two pleas that need be discussed were the question of payment and the question of jurisdiction, and then proceeded to show that the plea of payment must fail for want of evidence to sustain it, and then continued: "There is only one question. I am disposed to give the plaintiff just as clean-cut a record as it can get on that, if it wants to test that question." And then the judge referred to the statute making every judgment void which is given on a complaint not legally verified, or containing untrue allegations of a jurisdictional fact, and stated that the complaint in question falsely alleged that the indebtedness arose within the justice's jurisdiction, and was not verified, and that the statute was enacted to meet just such a case, and ended: "Therefore it follows that the court must, in accordance with this statute, hold that the judgment is void. You may draw findings in accordance with the views of the court as expressed." *Held*, that the district judge did not dispose of the case upon its merits, but solely on the ground of want of jurisdiction because of noncompliance with the statute. (Page 419.)

5. MANDAMUS—APPEAL FROM JUSTICE COURT—REQUIRING DISTRICT COURT TO ACT. While the decision of the district court upon the merits, on appeal from a justice's judgment for $33.50, cannot be reviewed by the Supreme Court, however erroneous, if the district court, without legal reason, refuses to dispose of the appeal to it upon the merits, the Supreme Court will require that court to do so, and enter judgment.[3] (Page 420.)

[2] State v. District Court, 36 Utah, 223, 102 Pac. 868.

[3] Hoffman v. Lewis, 31 Utah, 179, 87 Pac. 167; State v. District Court, 36 Utah, 233, 102 Pac. 868.

Original Application by the Salt Lake Coffee & Spice Company against the District Court of Salt Lake County and another, for an alternative writ of mandate.

PEREMPTORY WRIT ISSUED.

*Chris Mathison* for plaintiff.

*C. M. Leatherbury* and *Brigham Clegg* for defendants.

FRICK, J.

This is an original application for an alternative writ of mandate directed to the Hon. M. L. Ritchie, judge of the district court of Salt Lake County, to require him to show cause why he should not "proceed with the trial" of a certain action pending in said court on appeal from a justice court and "render judgment therein upon the merits."

The petitioner contends that said district court has refused to dispose of the case upon its merits, and has thus deprived it from having a trial on the merits. On the other hand, it is contended both by the district court and by the defendant in said action, who is a party to this proceeding, that said court has disposed of the case upon merits. In view that the plaintiff has no remedy by appeal, nor any other adequate remedy at law, the question we must determine is whether the court, without a sufficient legal reason, has refused to dispose of an appeal upon its merits, and whether the application comes within the rule laid down by this court in *Hoffman v. Lewis,* 31 Utah, 179, 87 Pac. 167, and *State v. District Court,* 36 Utah. 223, 102 Pac. 868.

The facts, briefly stated, are: That on the 21st day of February, 1907, the Salt Lake Coffee & Spice Company, a corporation, the plaintiff here, commenced an action against one George Sturm, one of the defendants in this proceeding, in the justice court of Murray City, Salt Lake County, Utah; that a summons was duly issued by said court in said action, which was served on said Sturm on the 21st day of March, 1907, and was duly returned and filed; that

on the 25th day of April, 1907, default was duly entered
against said Sturm. Nothing further was done in the action
until the 22d day of April, 1913, when a judgment in due
form was entered against said Sturm in said justice court
for the sum of $33.50, and costs. On September 6, 1913,
said Sturm duly served and filed his notice of appeal in said
action, and executed and filed an undertaking on appeal, as
required by law, and thereafter, on the —— day of October,
1913, within proper time, said appeal was duly docketed in
the district court of Salt Lake County, Utah. On Septem-
ber 6th, when the notice of appeal was served and filed, said
Sturm also filed, or pretended to file, a demurrer and answer
to said action in the justice court.

Although nothing was done in said action commenced in
said justice court during the time stated, it nevertheless was
pending from the time the complaint was filed, to wit, Feb-
fuary 21, 1907. (*Luke v. Bennion,* 36 Utah, 61, 106 Pac.
712.) Said demurrer and answer were also subse-
quently filed in the district court. The demurrer was
based upon the gound that the complaint filed did not
state facts sufficient to constitute a cause of action, and that
"said justice court had no jurisdiction of the person of the
defendant or the subject-matter of the action." In the
answer it was averred: (1) That the debt sued on was
barred by the provisions of our statute; (2) that the same
had been fully paid; and (3) the facts were set forth why
the justice court had no jurisdiction. The averments in that
respect were all based on a failure of the plaintiff to comply
with the provisions of Comp. Laws 1907, section 3685x, to
which we shall refer later. The case came on for hearing in
the district court, and was heard by the court without a jury.
Inasmuch as no findings of fact whatever were made or
waived as provided by Comp. Laws 1907, sections 3169,
3170, we must have recourse to the judge's return, wherein
he sets forth the proceedings that occurred at the so-called
trial. When the case was submitted, the district court, in
addressing counsel, said:

"You need not argue this question counsel has been arguing. The Nielson Case (*State v. District Court, supra*) does not touch this case. The only two pleas that need to be discussed here are, the question of the plea of payment and the question of jurisdiction." The judge then proceeds to show that the plea of payment must fail for want of evidence to sustain it. After doing so, he proceeds thus:

"There is only one question. . . . I am disposed to give the plaintiff just as clean-cut a record as it can get on that, if it wants to test that question." The court then states the facts regarding the time the action was commenced in the justice court by stating the facts we have hereinbefore stated in that regard. He then refers to Comp. Laws 1907, section 3685x, pursuant to which he ultimately disposes of the case. The statute referred to by the judge, so far as material, reads as follows:

"Every judgment made or given on a complaint not legally verified, or that contains no allegation or an allegation that was untrue of the jurisdictional fact required by this section, . . . shall be void; and shall be so declared, on review, at the instance of the party aggrieved, either on appeal or by means of a writ of prohibition, or *certiorari*." See Laws Utah 1907, p. 123.

The judge then continues:

"There could not be any provision of the law more explicit than that is. I take it, as a matter of common knowledge to those who were living in this county engaged in the practice of law at the time this act went into effect, that it was intended to meet just such cases as this. It is not for the court to undertake to set aside the legislative intention. It seems to have been devised to meet precisely this state of affairs. Here is a complaint which alleges falsely that this indebtedness arose in Murray City. It is admitted that neither of the parties ever lived there. It is admitted that the debt was not contracted there, and could not have been payable there, and there is no other inference that can be drawn than that the allegation is untrue. It is the sort of an allegation that this statute is intended to meet; not only

untrue, but the complaint is not verified. It is true the complaint was filed and the summons issued before the act went. into effect a few days, but the summons was served and filed a few days after it went into effect, and the judgment was rendered more than six years after it went into effect. The act provides: 'Every judgment made or given on a complaint not legally verified.' The judgment was rendered six years after the act went into effect. There cannot be any question as to the act being in force then, and I think it was just as competent for the legislature to prescribe upon what sort of showing a judgment could be rendered, even though that might change a rule of practice as to some complaint already on file, as it would be to change the statute of limitations. It is a familiar rule of law, I take it, that will not be questioned, that if, when an instrument is given, the statute of limitations happens to be five years, and the legislature, either before or after an action on it is commenced, cuts down the time to three, that that pertains to the remedy, and not to the right, and therefore the new statute governs. This statute doesn't change the cause of action, doesn't change the construction of any phrase or clause in a contract, it doesn't change anything concerning the status of the parties or their rights under the contract, or in any manner affect any clause in the contract itself, implied though it is by being based on certain facts. It simply prescribes upon what terms a judgment shall be rendered. I am very clear the act does apply to just such a case as this."

Further remarks are then made on the case of *State v. District Court, supra,* and the judge gives his reasons why he thinks the decision in that case does not apply. After doing so, he continues:

"So that the facts appear clear enough in the record that the allegation in the complaint that the debt was contracted in Murray City was untrue, and therefore it follows that the court must, in accordance with this statute, hold that the judgment is void. . . . You may draw findings in accordance with the views of the court as expressed. Judgment in favor of the defendant."

The law with respect to pleadings in justice courts is contained in Comp. Laws 1907, section 3685, which is as follows:

"(1) Pleadings are not required to be in any particular form, but must be such as to enable a person of common understanding to know what is intended. (2) Pleadings, except the complaint, may be oral or in writing; if in writing, must be filed with the justice; and, if oral, an entry of the substance must be made in the docket.' (3) The complaint must be in writing, and must be verified, and must fully allege and set forth at least one of the grounds mentioned in section 3668, showing that the action is commenced in the city or precinct as required by said section."

Section 3685x is merely an addenda to the section just quoted, and became effective in March, 1907, less than a month after the action in question was commenced. It is evident that, by the provisions of section 3685x, certain facts were required to be alleged and proved by the plaintiff in an action commenced in a justice court which were not required of him under section 3685. Two questions therefore arise: (1) Did the provisions of section 3685x, which became effective after the action in question was commenced, have any effect on the pleadings filed in said action? and (2) Did the provisions of that section afford the district court of Salt Lake County any legal ground or excuse for refusing to determine the action on its merits? For the purposes of this decision, and not otherwise, we shall assume that the provisions of section 3685x are valid and enforceable with respect to all actions commenced after the section became effective, and also as to all acts or steps in a pending action which were still required to be taken therein by either party after said section went into effect.

Under all the authorities, so far as we are aware, a legislative act which changes the state of the law in respect to procedure, and which requires matters to be alleged in a complaint and proved at the trial which were not required when the complaint was filed and the action

begun, as a general rule, are given no application to a pending action at all, and in no event unless the statute, in specific terms, so provides. While the rule is now well recognized by all the courts that statutes relating to or affecting procedure or remedies merely, *prima facie* at least, apply to all acts or steps still to be done or taken in a pending action, yet it is equally well established that such statutes do not apply to the acts or steps already done or taken in a pending action, and in no event do they apply to the latter acts or steps, unless it is expressly so provided in the statute.

In 2 Lewis' Suth. Stat. Const. section 674, the author, after discussing the effect of statutes relating to procedure in all pending actions, states the rule thus:

"If before final decision a new law as to procedure is enacted and goes into effect, it must from that time govern and regulate the proceedings. But the steps already taken, and the status of the case as to the court in which it was commenced, the pleadings put in, and all things done under the late law, will stand, unless an intention to the contrary is plainly manifested; and pending cases are only affected by general words as to future proceedings from the point reached when the new law intervened."

The rule in the headnote to the case of *Bedford v. Shilling,* 4 Serg. & R. (Pa.) 401, 8 Am. Dec. 718, is stated thus:

"A statute requiring, as a basis of recovery in an action, evidence of facts not previously necessary to be proved will not be construed to apply to actions commenced before its passage, unless expressly so declared."

In *Hanover Nat'l Bank v. Johnson,* 90 Ala. 552, 8 South. 43, the Supreme Court of Alabama, in passing upon the sufficiency of an unverified plea, says:

"The plea was held to be sufficient on the former appeal in this case, and it could not be vitiated by the subsequent enactment of the statute requiring such pleas to be verified. The statute should not be given a retroactive effect, so as to destroy the efficacy of steps already taken in a pending suit, though, as it relates only to the remedy, it would operate upon proceedings taken after its passage in a cause then pending."

To the same effect are the following cases: *Barret v. Browning,* 8 Mo., marg. p. 689; *Spooner v. Russell,* 30 Me. 454; *Wood v. Ostram,* 29 Ind. 177; *Newsom v. Greenwood,* 4 Or. 119; *Trist v. Cabenas,* 18 Abb. Prac. (N. Y.) 143.

While it is true that, under the provisions of section 3685, *supra,* which was in force when the action in question was commenced, the plaintiff was required to verify its complaint, yet the failure to do so, in the absence of a statute to that effect, could not affect the court's jurisdiction, nor vitiate the judgment rendered therein. No objection was interposed by the defendant at any time before judgment, and therefore, according to familiar rules of practice, the defect was waived. The contention, therefore, that the justice of Murray City was without jurisdiction, and that the judgment rendered by him was void, is without any foundation whatever. That very question was decided in the case of *State v. District Court, supra.* We are forced to the conclusion that, in disposing of the case in question, the district court, without any legal cause therefor, refused to give the plaintiff in that action its constitutional right to a trial upon the merits in that court.

We are not unmindful of the contention made that the court did try the case upon its merits. While is is true that the court heard the evidence in support of and against the plea of payment and held, but without judicially finding, that the plea must fail, yet he disposed of the case entirely upon the plea of the jurisdiction, and held that the justice court was without jurisdiction, and therefore the district court had none. He turned the plaintiff out of court, not because it had no valid or legal claim or cause of action against the defendant Sturm, but because its complaint did not measure up to the requirements of section 3685x which became a law after the complaint was filed and the action was pending. The district court, therefore, disposed of the case upon the ground that all that had been done in the justice court was void, and, further, in legal effect, held that, because the provisions of section 3685x were not followed, therefore the plaintiff never had obtained

a valid judgment in the justice court, and for the same reason it could obtain none in the district court. Nor can the clerk's minute entry, which is sent up, alter the case. The facts are that the plaintiff had no adjudication upon the merits.

If the district court had passed upon the merits and had found against the plaintiff, and, in doing so, had committed most palpable errors, yet those errors, however gross, could not be reviewed in this court in this or in any other proceeding, since that court is the court of last resort on appeals from justice courts. When the district court, however, without sufficient or any legal reason, refused to dispose of the appeal upon the merits, it is the duty of this court to require that court to hear and determine the same upon its merits, and make findings and conclusions of law in accordance with the evidence as it finds it to be, and enter judgment accordingly. The case, therefore, falls within the principle laid down in *Hoffman v. Lewis* and *State v. District Court, supra.*

For the reasons stated, a peremptory writ of mandate should issue as prayed for in the petition. In this case, the defendant Sturm having resisted the writ, he should pay the costs of this proceeding.

Let such an order be entered.

McCARTY, C. J., concurs.


STRAUP, J.

I fully concur. The court by its ruling, indicated that the petitioner on the merits was entitled to prevail but held that no adjudication could be made on the merits for want of jurisdiction. As shown by Mr. Justice Frick, the undisputed facts alleged in the petition and the return made on the alternative writ show that the judgment rendered "in favor of the defendant" was based alone on the ground that the plaintiff in the action before the justice by an insufficient and false complaint had not conferred jurisdiction on the justice to render a judgment in the action, and hence no

jurisdiction was conferred by the appeal on the district court to render a judgment on merits. So the district court merely declared void the judgment rendered by the justice, and made no ajudication on merits.

For the reasons stated by Mr. Justice Frick, I think the district court had jurisdiction to make an adjudication on the merits, and that it ought to do so.