## BECK v. LEWIS, *ET AL.*

### No. 2950.   Decided March 26, 1917.   (164 Pac. 480.)

1. JUSTICES OF THE PEACE—RETURN OF PROCESS—CONCLUSIVENESS. In an action before a justice of the peace, an officer's return upon a summons of service in a certain precinct does not sustain a finding that defendant was not a resident of another precinct as alleged in the complaint. (Page 370.)

2. JUSTICES OF THE PEACE—CERTIORARI—CONCLUSIVENESS OF RECORD. Under Comp. Laws 1907, Section 3685x, providing that a judgment based upon a complaint falsely stating a jurisdictional fact may be reviewed by certiorari, the district court in certiorari proceedings to review a judgment of the justice court cannot receive parol evidence.[1]   (Page 370.)

3. JUSTICES OF THE PEACE—JURISDICTION. Under Comp. St. 1907, Section 3668, prescribing where actions in justices' courts shall be commenced, and Section 3669, providing for changing the place of trial where suit is brought in the wrong precinct, a justice does not lose jurisdiction over a suit brought before him in the wrong precinct until the affidavit setting forth the facts as required by Section 3669 is filed.   (Page 371.)

4. JUSTICES OF THE PEACE—WAIVING OBJECTION TO SUIT IN WRONG PRECINCT. Under Comp. Laws 1907, Section 3668, providing where actions shall be commenced in justices' courts, and Section 3669, providing for changing the place of trial where suit is brought in the wrong district, the privilege of bringing suit in a particular district is personal to the defendant and may be waived.   (Page 371.)

5. JUSTICES OF THE PEACE—JURISDICTION—SUIT BROUGHT IN WRONG PRECINCT. Under Comp. Laws 1907, Section 3668, providing where actions in justices' courts shall be commenced, and Section 3669, providing for changing place of trial where suit is brought in wrong precinct, a justice acquires jurisdiction where defendant appears, although suit was brought in the wrong precinct.[2]   (Page 371.)

6. JUSTICES OF THE PEACE—WAIVING OBJECTION TO SUIT IN WRONG PRECINCT. Under Comp. Laws 1907, Section 3668, prescribing where actions in justices' courts shall be commenced, and

---

[1]*McMillan* v. *Durand*, 38 Utah 274, 112 Pac. 807; *Griffith* v. *District Court*, 35 Utah 443, 100 Pac. 1064; *Quealy* v. *Sullivan*, 42 Utah 565, 132 Pac. 4; *State* v. *District Court*, 36 Utah 267, 103 Pac. 261.

[2]*State* v. *District Court*, 36 Utah 223, 102 Pac. 868.

Section 3669, providing for changing place of trial where suit is brought in wrong precinct, the defendant waives objection to the precinct by suffering a default judgment, especially where the complaint stated the necessary jurisdictional facts and no application for changing the place of trial was made. (Page 371.)

Appeal from District Court, First District; *Hon. J. D. Call,* Judge.

Certiorari proceedings by John A. Beck, Jr., against Herbert C. Lewis and others to review a judgment entered in justice court. Judgment for petitioner.

Respondents appeal.

REVERSED and remanded, with directions to dismiss the proceeding.

*A. D. McGuire* for appellants.

*Henry Seeger* for respondent.

FRICK, C. J.

On the 18th day of February, 1916, the appellant Lewis commenced an action in the justice court of Manilla precinct, Box Elder County, Utah, against the respondent, Beck, to recover a certain amount alleged to be due upon an alleged contract. Appellant, in his complaint, alleged "that defendant is a resident of Manilla precinct, Box Elder County, State of Utah." The foregoing allegation was made in compliance with Comp. Laws 1907, section 3668, which provides where actions shall be commenced if commenced in justices' court; and also in compliance with section 3685, subd. 3, which provides what must be alleged with regard to the defendant's residence. The officer who served the summons made return that he served the same on the respondent, Beck, personally on the 18th day of February, 1916, "at Rawlins precinct, County of Box Elder," etc. The defendant, although duly served with summons, as just stated, nevertheless failed to appear in the action in the justice court, and on the 3d day

of March, following, judgment was entered against him by default. Immediately after judgment was entered against him, and on the same day it was entered, the respondent, Beck, commenced certiorari proceedings in the district court of Box Elder County to vacate and set aside the judgment upon the alleged ground that the respondent, Beck, was a resident of Rawlins precinct and not a resident of Manilla precinct as alleged in the complaint, and that for that reason the justice who rendered the judgment was without jurisdiction.

· In making that contention, respondent relies on the provisions of Comp. Laws 1907, section 3685x, which, in substance, provides that in case a jurisdictional fact is omitted from the complaint, or is falsely stated therein, a judgment based upon such a complaint "shall be void; and shall be so declared, on review, at the instance of the party aggrieved, either on·appeal or by means of a writ of prohibition, or certiorari. * * *" While the officer made return, as we have seen, that he served the respondent personally in Rawlins precinct, his counsel concluded, and, as we think, correctly so, that the return, standing alone, was not sufficient to justify a finding that the respondent was not a resident of Manilla precinct as alleged in the complaint, since the officer may have found respondent outside of Manilla precinct and over the line in Rawlins precinct when service was made upon him. Counsel was therefore, by the district court, permitted to prove at the hearing of this proceeding, dehors the record and over appellant's objection, that respondent's residence was in Rawlins precinct and not in Manilla precinct as alleged in the complaint. Appellant now insists that the district court erred in admitting evidence dehors the record respecting that fact.

We have several times specifically held that in certiorari proceedings the record, as certified up, is conclusive, and that it may not be aided by parol or other evidence in the court in which the proceedings are commenced. The court to which the record is certified is required to pass upon the record as certified up, and not to make a new record and then pass upon that. *McMillan* v. *Durand*, 38 Utah

274, 112 Pac. 807; *Griffith* v. *District Court*, 35 Utah 443, 100 Pac. 1064, and *Quealy* v. *Sullivan*, 42 Utah 565, 132 Pac. 4. We have also pointed out that if the record, for some reason, does not disclose some fact or facts, such facts may nevertheless be supplied in the court in which the proceedings which are sought to be reviewed were had, and that that court may certify up such additional facts if they exist and are properly made a part of the record. But omissions may not be supplied dehors the record in the court in which the certiorari proceeding is pending, as was done in this case. The district court therefore erred in permitting the respondent, Beck, to prove that his place of residence was in Rawlins precinct and not in Manilla precinct as alleged in the complaint. That fact, if it was a fact, should have been made to appear in the justice court, and if that had been done and the justice had, nevertheless, proceeded with the case, certiorari would lie. In that event, the justice, in certifying up the proceedings, would have disclosed that he had been ousted of jurisdiction; but, as the record now stands, the jurisdictional facts are all shown by the record itself. *State* v. *District Court*, 36 Utah 267, 103 Pac. 261.

There is, however, still another reason why the judgment in this proceeding cannot be sustained. There are other sections of our statute which must be considered, construed and applied as in *pari materia* with the sections we have **3-6** already referred to. Section 3669 specifically provides for a change of the place of trial in the event a defendant is sued in the wrong precinct; that is, in case he has a right to be sued in the precinct in which he resides and is sued in another. By that section it is provided that in case a defendant is sued in the wrong precinct he may file an affidavit setting forth the facts in that regard, and, if he does so, the justice before whom the action was commenced loses jurisdiction and he must transfer the case to the proper precinct. We held in *State* v. *District Court*, 36 Utah 68, 104 Pac. 750, that on filing the affidavit, and not before, the justice before whom the action is pending, if commenced in the wrong precinct, is ousted of jurisdiction to proceed. No other conclusion is logically permissible. Under our statute, the juris-

diction of the justices of the peace is co-extensive with the county in which they are located and reside. The right to have the place of trial changed, in case a defendant is sued in the wrong precinct, is a personal privilege upon which he may insist or which he may waive, just as he chooses. If he appears in the justice court, that court has jurisdiction to try the case precisely the same as though the action had been commenced in the proper precinct. *State* v. *District Court*, 36 Utah 223, 102 Pac. 868. The defendant may, however, also waive his right to a change of place of trial in case he is served with summons but makes default. Such is especially true where, as in this case, the necessary jurisdictional facts are stated in the complaint filed with the justice. To say the least, such an allegation must prevail until the necessary affidavit, for a change of place of trial, in which it is made to appear that the action was commenced in the wrong precinct, is filed as provided by section 3669, *supra,* and as held in *State* v. *District Court*, 36 Utah 68, 104 Pac. 750. In that case it is also held that the justice is not ousted of jurisdiction until such an affidavit is filed, but that in case it is filed that court may proceed no farther with the case. It follows therefore that the respondent, Beck, in failing to file the proper affidavit for a change of place of trial in the justice court, has waived his right to object to the jurisdiction of the justice, and hence the district court erred in entering judgment against the appellant in this proceeding.

The judgment of the district court is therefore reversed, and the case is remanded to the district court of Box Elder County, with directions to dismiss the proceeding. Costs to appellant.

McCARTY and CORFMAN, JJ., *concur.*