HIGGS et al. v. BURTON et al.

No. 3617.   Decided April 18, 1921.   (197 Pac. 728.)

1.   CERTIORARI—RECORD CERTIFIED BY COURT IMPORTS ABSOLUTE VERITY. In certiorari proceedings the record certified up by the court, board, or tribunal to whom the writ is directed imports absolute verity, and cannot be contradicted or supported by evidence dehors the record.[1]

2.   CERTIORARI—RECORD CERTIFIED UP BY COURT TO WHOM WRIT IS DIRECTED TO BE CORRECTED BY SUCH COURT. In certiorari proceedings, the correction of the record certified up by the court, board, or tribunal to whom the writ is directed must be made by requiring the court or officer to correct it.

3.   CERTIORARI—LOST OR DESTROYED RECORD SUPPLIED BY LOWER COURT, AND NOT COURT TO WHICH RECORD IS CERTIFIED. If any part of the record which is being challenged by certiorari has been lost or destroyed, it may be supplied or restored in the court where it originated, in accordance with the rules of procedure in such case, and not in the court to which it is certified.

4.   JUDGMENT—WITHOUT JURISDICTION SET ASIDE IN EQUITY WHERE FACT DOES NOT APPEAR ON RECORD AND TIME FOR APPEAL HAS EXPIRED. Where a court has proceeded to enter judgment with-

[1] *Beck* v. *Lewis*, 49 Utah, 368, 164 Pac. 480; *McMillan* v. *Durand*, 38 Utah, 274, 112 Pac. 807; *Griffiths* v. *District Court*, 35 Utah, 445, 100 Pac. 1064; *Quealy* v. *Sullivan*, 42 Utah, 565, 132 Pac. 4; *State* v. *District Court*, 36 Utah, 267, 103 Pac. 261.

out jurisdiction, and the want thereof or its wrongful exercise does not appear upon the face of the proceedings as certified up, and therefore cannot be reached by certiorari or prohibition, and the time for appeal has expired, relief may be obtained in equity.[2]

5. SHERIFFS AND CONSTABLES—LIABLE FOR MAKING FALSE RETURN SHOWING SERVICE WHERE NONE WAS IN FACT MADE. If officer certifying the summons has made a false return showing service when none was in fact made, the injured party has a remedy against such officer.

6. CERTIORARI—PROPER REMEDY ONLY WHERE RECORD ON ITS FACE SHOWS LACK OF JURISDICTION. Certiorari is a proper remedy where it appears on the face of the record that the court, board, or officer has proceeded without or in excess of jurisdiction, but not where the record may not speak the truth, or where fraud or unlawful means were practiced in obtaining the judgment.

7. JUDGMENT—VALIDITY NOT AFFECTED BY USE OF WORD "DEFENDANT" FOR "DEFENDANTS." That judgment read "defendant" instead of "defendants" did not affect its validity; such irregularity not being a matter of jurisdiction.

Appeal from District Court, Second District, Davis County; *A. E. Pratt*, Judge.

Certiorari by William Higgs and another against Christopher Burton, administrator, and Frank L. Layton, justice of the peace, to review the procdings in case of Hyrum Stewart against plaintiffs. Judgment for plaintiffs, and defendants appeal.

REVERSED, and proceedings dismissed.

*Chris Mathison*, of Salt Lake City, for appellants.

*W. R. Skeen*, of Ogden, for respondents.

FRICK, J.

[2] *Liebhart* v. *Lawrence*, 40 Utah, 243, 120 Pac. 215; *McMillan* v. *Forsythe*, 47 Utah, 571, 154 Pac. 959.

This is an appeal from the district court of Davis county from a judgment entered by said court upon a writ of certiorari. The application for the writ was made by the respondents herein, and it was duly issued directed to the justice's court of Kaysville precinct in said county, and to the other appellant. A return to the writ was duly made and the justice duly certified up the record of the proceedings in the case entitled Hyrum Stewart, Plaintiff, v. William Higgs and Mrs. William Higgs, Defendants. The defendants in said action are the parties who applied for and obtained the writ of certiorari referred to, and are the respondents in this proceeding. The record certified to the district court aforesaid gave the title of the action as before stated. It recited that on February 10, 1917, Hyrum Stewart, the plaintiff in said action, had filed a complaint alleging that the "defendant is indebted to the plaintiff in the sum of $156.80 and refuses to pay the same (see complaint on file)." The transcript proceeds that on March 1st summons was duly issued and was "returned duly indorsed thereon showing the same to have been duly served (see same on file)"; that on March 11th, the defendant having failed to appear or make "answer to the above-mentioned summons, judgment is hereby rendered against the aforesaid defendant in the sum of $156.80 with interest thereon at the legal rate from the 15th day of August, 1914, and for costs of this action." The costs are taxed in the margin of the docket that is certified up. The foregoing entries were signed by the then justice of the peace. When the case was called in the district court that court did not limit itself to the return as made by the justice, but, upon the application of respondents herein, and over the objection of counsel for appellants, the district court permitted the respondents to produce extrinsic evidence for the purpose of defeating the jurisdiction of the justice's court aforesaid.

From the proceedings had in the district court as certified to this court, after reciting the matters of inducement, the following appears:

"Thereupon the court heard the evidence on behalf of the appli-

cants, over the objection of counsel for the defendant, and the cause being submitted to the court for its decision and by the court taken under advisement, comes now the court, and, being sufficiently advised, finds from the evidence aforesaid, after an inspection of the record and proceedings in said case before said justice court, that said court did not have jurisdiction of the persons of the defendants in said action and did not regularly pursue its authority as prescribed by law in the rendering of said judgment.

"Wherefore, it is ordered and adjudged that the judgment of the justice's court aforesaid be, and the same is hereby, vacated and annulled."

The appellants insist that the district court erred in admitting evidence other than what appeared from the transcript of the proceedings had before the justice's court as the same were certified by said court.

The courts are entirely unanimous in holding that in certiorari proceedings the record certified up by the court, board of tribunal to whom it is directed imports absolute verity, and cannot be contradicted or supported by evidence dehors the record. The proper rule is well stated in 1 Bailey, Habeas Corpus and Special Remedies, § 185, in the following words:

"A common-law writ of certiorari calls for the record of the proceedings challenged. If the return does not state the whole record, the proper course is to obtain an amended return, not to impeach it by affidavit or other proof. * * * The return to the writ is a response to its commands and not an answer to the allegations of the petition; and where addressed to an officer having custody of the official record, he must respond by the production of that record and nothing more. By that only is the proceeding to be tested. * * * The return to the writ imports absolute verity. Extrinsic evidence will not be received to support or overthrow it."

This court has frequently so held. *Beck* v. *Lewis*, 49 Utah, 368, 164 Pac. 480; *McMillan* v. *Durand*, 38 Utah, 274, 112 Pac. 807; *Griffiths* v. *District Court*, 35 Utah, 445, 100 Pac. 1064; *Quealy* v. *Sullivan*, 42 Utah, 565, 132 Pac. 4; *State* v. *District Court*, 36 Utah, 267, 103 Pac. 261. In the case last cited it is pointed out how a record may be corrected if incorrectly certified up. The correction must be made by requiring the court or officer to whom the writ is directed to correct the same, and not by the production of extraneous

evidence either to support or contradict the record. All the court from which the writ emanates can do is to inspect the record of the proceedings as certified up and from that record determine whether the court, board, or official certifying the same acted without or in excess of jurisdiction. If any part of the record which is being challenged has **2, 3** been lost or destroyed, it may be supplied or restored in the court where it originated in accordance with the rules of procedure in such case, and not in the court to which it is certified. What is said in *Griffiths* v. *District Court,* supra, and on which counsel for respondents rely, does not refer to the correction of the record that is certified up, and has no application to a case like the one at bar. The question here involved is settled by what is said in *Beck* v. *Lewis,* supra. If counsel thought that the summons and the return indorsed thereon, which is referred to in the justice's transcript as certified up, would show that the service was insufficient to confer jurisdiction, or for some reason was defective, the district court had ample power to have all the files in the case to which reference is made in the justice's transcript certified up for inspection. That was the method the court should have pursued, and not the one which it did pursue, to hear oral evidence in contradiction of the record as certified up. The court had no such power. This case thus presents the anomaly of a higher court usurping power in order to establish that a lower one had previously done so.

It is not necessary to strain the jurisdiction conferred in certiorari proceedings in order to obtain relief, if, indeed, the justice's court was without jurisdiction. The law is well settled that in case a court has proceeded to enter judgment without jurisdiction, and the want thereof or its wrongful exercise does not appear upon the face of the proceedings as certified up, and thus cannot be reached **4** by certiorari or prohibition, and the time for appeal has expired, that relief may be obtained in equity. 1 Black, Judgments, §§ 376, 377. This court is firmly committed to that doctrine. *Liebhart* v. *Lawrence,* 40 Utah, 243, 120 Pac. 215; *McMillan* v. *Forsythe* 47 Utah, 571, 154 Pac. 959.

Moreover if the officer certifying the summons has made a false return showing service when none was in fact made, the injured party has a remedy against such officer. It is far safer, therefore, not to unduly interfere with judgments in the manner that was attempted in this case. Certiorari is a speedy remedy where it appears upon the face of the record that the court, board, or officer has proceeded without or in excess of jurisdiction. That remedy was, however, not intended to reach cases where the record may not speak the truth or where fraud or other unlawful means were practiced in obtaining the judgment, as is pointed out in Black on Judgments and in the Utah cases to which reference has just been made. Certiorari proceedings cannot be converted into writs of error.

While in this case the record of the proceedings had before the justice's court, as certified up, is brief and lacking in detail, yet the record was sufficient to show jurisdiction. *Sullivan* v. *Miles*, 117 Wis. 576, 94 N. W. 298; *Moren* v. *American, etc., Co.*, 44 W. Va. 42, 28 S. E. 728. Indeed, counsel for respondents does not seriously contend that such is not the case but what he insists upon is that the district court had the power to hear extrinsic evidence to contradict or explain the record as certified up, and that upon a consideration of such evidence, in connection with the record, said court was justified in finding and holding that the justice who entered the judgment was without jurisdiction. That, as we have shown, the district court was powerless to do. Unless the record shows a lack of jurisdiction of the justice's court, or that he acted in excess thereof, the court was powerless to grant relief in this proceeding. It is far better, in the long run, to uphold the records of our justice's courts, although such records may be brief and may be lacking in detail, when the jurisdictional facts sufficiently appear therein, than it would be to unduly interfere with the judgments and proceedings of such courts. As we have pointed out, there are ample remedies provided for wrongs that may occur in such courts without unsettling the faith and credit

that should be given to their judgments.

Nor is the fact that the judgment reads "defendant," that is, that it is singular and not plural in form, fatal to the judgment in this proceeding. Manifestly that irregularity is not a matter of jurisdiction, and hence does not make the judgment void. *Lang* v. *Lang* (S. D.) 173 N. W. 443. If it is sought to show that by reason of the irregularity the judgment cannot be enforced, it must be done in some other proceeding, as hereinbefore pointed out.

It follows that the judgment of the district court should be, and it accordingly is, reversed, and the proceeding is dismissed at respondent's costs.


CORFMAN, C. J., and WEBER, GIDEON, and THURMAN, JJ., concur.